PATTERSON vs. THE STATE.

21   571
115   283

1. Where a person is indicted for selling spirituous liquors to a slave, and it is proved that the liquor was sold, in his absence, by his clerk, it is error to instruct the jury, "that, if the defendant had previously sanctioned the acts of his clerk in selling liquor to slaves under similar orders, and if they believed that the defendant, if he had been present, would have done as his clerk did, then they were authorized to find him guilty."

ERROR to the Circuit Court of Wilcox.
Tried before the Hon. E. PICKENS.

WATTS, JUDGE & JACKSON, and A. P. BAGBY, for plaintiff in error.

M. A. BALDWIN, Attorney General, *contra*.

CHILTON, J.—The defendant Patterson was indicted for selling spirituous liquor, viz: a half gallon of rum, &c., to a slave, without the written permission required by the statute. It appears that the liquor was sold by the defendant's clerk in his absence. The court charged the jury, that, if they believed the defendant was absent at the time the clerk sold the liquor, and knew nothing about it, he was not guilty; but if the selling to slaves under similar orders had been previously sanctioned by the defendant, and that the defendant, if he had been present, would have done as the clerk did, then they were authorized to find him guilty.

This was equivalent to charging the jury, that they were authorized to imply the clerk's authority to sell in the manner he did from the ratification of his previous acts by the principal, and that if, in this case, he was doing what the master, if present, would have done, then the master was guilty, as the clerk acting for him had not transcended his authority. This charge is erroneous. The principal is bound, if he authorized or co-operated in the illegal act of the clerk; but we think this must be an express, not an implied authority. We have no right to conclude that, because he has sanctioned previous violations of the law, he will continue to do so; on the contrary, as every party is to be presumed innocent until his guilt is made manifest, we should presume that he repented his former transgression, and therefore did not assent to the subsequent violation. At all events, we cannot imply an authority.

The judgment is reversed, and cause remanded.