## SEIBERT *vs.* THE STATE.

[INDICTMENT FOR RETAILING SPIRITUOUS LIQUORS.]

1. *Election by prosecution.*—In a prosecution for retailing spirituous liquors, the indictment being in the general form authorized by the Code, (§ 1059,) if the first witness on the part of the State is asked by the prosecuting attorney, whether, within the period covered by the indictment, "he had ever obtained liquor from the defendant's store *in quantities less than a quart*"; and answers, "that he had never bought any liquor there, but that on one occasion, while in said store with others, defendant's wife gave them a drink of liquor, for which he paid no money, nor saw any money paid,"—this does not amount to an election on the part of the prosecution to proceed only for violations of the statute in selling in less quantities than a quart.

2. *Criminal responsibility of principal for illegal act of agent.*—To authorize a conviction of the husband, for the illegal act of the wife in selling spirituous liquors in his store in his absence, the jury must be satisfied from the evidence, beyond a reasonable doubt, that her illegal act was done by his authority : that it was done by her as his clerk or agent, without more, is not enough.

FROM the Circuit Court of Sumter.

Tried before the Hon. JAMES COBBS.

THE indictment in this case contained but a single count, which charged that the defendant, Nicholas Seibert, before the finding of the indictment, "sold vinous or spirituous liquors, without a license, and contrary to law." "On the trial," as the bill of exceptions states, "one Peyton was offered as a witness on the part of the State, and was asked by the prosecuting attorney, whether or not, before the finding of the indictment in this case, and after the 20th July last, he had ever obtained liquor from the defendant's store in Belmont, *in quantities less than a quart;* and answered, that he had never bought any liquor there, but that on one occasion, when in said store with defendant and his wife, Mrs. Seibert gave him and others a drink of liquor, for which he paid no money, nor saw any money paid. The prosecuting attorney then asked, if Mrs. Seibert was acting as the defendant's clerk in said store; and the witness replied, that she was. This being all the testimony of said witness, he was discharged from the stand. One Grady was then introduced as a witness on the part of the State, and was asked by the prosecuting attorney, whether, before the finding of the indictment, and after the 20th July last, he had ever bought liquor from the defendant, at his store in Belmont, *and drunk the same on the premises.* The defendant objected to this question, and asked the court to require the prosecuting attorney to confine his questions to this witness to violations of the law in *selling in less quantities than a quart,* on the ground that the State had, by the examination of the witness Peyton, made an election to proceed for such violations. The court overruled the objection, and refused to require the prosecuting attorney to confine his inquiries as requested, and allowed the question to be asked and answered; to which the defendant excepted. Said Grady then testified, that on the 31st August, 1865, which was the same day the liquor was delivered by the defendant's wife to the witness Peyton, he went into the defendant's store, in the town of Belmont in said county, and bought three drinks of liquor from the defendant's wife, who was acting in the capacity of clerk in said store, and paid seventy-five cents therefor, and drank the same in the store; that the defendant was not present at the time of the sale, but was

absent from the town of Belmont, on his way to Demopolis. This being all the evidence in the cause, the court charged the jury, that if they believed, from the evidence, beyond a reasonable doubt, that the defendant's wife was acting as his clerk in his said store, and sold liquor in less quantities than a quart, and the same was drunk in said store in the county of Sumter, after the 20th July last, and before the finding of the indictment, then they must find the defendant guilty; otherwise, they must acquit him. To this charge the defendant excepted."

A. A. COLEMAN, for the defendant.—1. In the examination of the witness Peyton, the State made an election, and should have been held to it.—*Elam v. The State,* 26 Ala. 48; *Cochran v. The State,* 30 Ala. 542.

2. The defendant was not criminally responsible for the act of his clerk, performed in his absence, and without his knowledge or consent. To make him liable, he must either co-operate in the illegal act, or expressly authorize it.—*Patterson v. The State,* 21 Ala. 571.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. If the court erred in refusing to compel the solicitor to elect, its action was error without injury, since the offense proved was the same concerning which the first witness was interrogated.

2. The defendant's wife was his clerk, and the improper sale of spirituous liquors by her, in the usual course of business, was a violation of the law, for which he may be punished.—*Commonwealth v. Gillespie,* 7 Serg. & R. 469–78; *Phelps v. Riley,* 3 Conn. 266: *Adams v. The People,* 4 Comstock, 173; *Schmidt v. The State,* 14 Missouri, 137; Wharton's Amer. Crim. Law, § 153.

BYRD, J.—1. The witness Peyton proved no fact tending to show that the prisoner sold any spirituous liquors in violation of law. His evidence, at most, tended to show that the accused had such liquors in his store, and that his wife was his clerk; and such evidence was admissible. For, if his wife was his clerk, and was authorized by him to sell

liquor in less quantities than a quart, he having no license, then the accused would have been guilty, if his wife, by virtue of his authority, had violated the law; and it is not essential that he should be present at the time of the sale. The court properly admitted the evidence of Peyton, and afterwards admitted the witness Grady to testify to the facts he did. The cases of *Elam v. The State*, (26 Ala.,) and *Cochran v. The State*, (30 Ala.,) are not in conflict with the ruling of the court below on this question.

2. The charge of the court is too broad. The *mere* fact that the wife was the clerk of the accused, and her violation of the law, did not authorize the jury to find the prisoner guilty. The jury should have been satisfied from the evidence, beyond a reasonable doubt, that the liquor was sold by the authority of the accused, in order to convict him. The evidence, all of which is set out in the record, did not authorize the court to give the charge therein set out. A principal is not liable criminally for the unlawful act of his agent or clerk, unless he participated in the act, or consented to it; and this participation or consent can not be presumed by the court or jury merely from the fact that the seller was the clerk of the accused.

Let the judgment be reversed, and the cause remanded, on the authority of *Patterson v. The State*, 21 Ala. 571; and *Nall v. The State*, 34 Ala. 262.