## MOORER *vs.* THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Charge to jury; what should be given, on trial of defendant, where the evidence is chiefly circumstantial.*—On the trial of an indictment for grand larceny, where the testimony against the accused is chiefly circumstantial, a charge asked by the prisoner, "that innocence should be presumed, until the case proved against the prisoner, in all its material circumstances, is beyond any reasonable doubt; and that the evidence ought to be strong and cogent, to find the defendant guilty as charged," is proper, and should be given.

ARPEAL from the Circuit Court of Wilcox.
Tried before the Hon. P. O. HARPER.

The facts are stated in the opinion.

JOHN McCASKILL, for appellant.
JOSHUA MORSE, Attorney-General, *contra.*

[No briefs were filed in this case.]

PETERS, J.—This is an appeal from the circuit court of Wilcox county.

The appellant was indicted for grand larceny, at the spring term of the circuit court of Wilcox county, in 1869. On the trial of this indictment, which occurred on the 4th day of November, 1869, the accused was convicted and sentenced to confinement in the penitentiary for two years. From the bill of exceptions taken on the trial, it appears

that it was proven on behalf of the prosecution, that P. D. Burford, about the last of November, 1868, missed his buck sheep, which was valued at one hundred and twenty-five dollars. And the witness says he "remained quiet for about three weeks, and then, while in search of goods missed out of his own warehouse, he found the hide of his buck sheep in defendant's house ;" and "there was no one in the neighborhood but himself and Mr. Cook who owned sheep."

It does not appear that the sheep was proven to be of any value. But the bill of exceptions does not purport to set out all the evidence adduced on the trial. It is presumed that this proof was made.

The accused does not show that he offered any testimony on the trial, but he asked the court to charge the jury on the evidence thus offered : " That innocence should be presumed, until the case proved against the prisoner in all its material circumstances is beyond any reasonable doubt, and that the evidence ought to be strong and cogent to find the defendant guilty as charged."

The proofs in this case were all circumstantial. The sheep was only missed. The owner did not know that it had been stolen, or even that it was dead ; except as he inferred this from the skin, which he swore was the skin of the sheep. But this he could only do from the looks of the skin and the character of the wool and its size. These facts all might have exhibited these appearances, and yet the sheep might not have been stolen by the defendant. Again, the only evidence of guilt was the possession of the hide. The possession was only *prima facie* evidence of guilt. It was a fact from which guilt might be legitimately inferred. It might, unexplained, have afforded grounds for a strong presumption of guilt against the accused, but no more. Under such a state of proof the charge was a proper one, and should have been given. It announced an admitted principle of law, and the accused was entitled to the full benefit of it, be that much or little. It was a humane caution to the jury which has ever been encouraged by the law.—*Patterson v. The State*, 21 Ala. 571 ;

*Ogletree v. The State*, 28 Ala. 693 ; *Dave v. The State*, 22 Ala. 23 ; 1 Gr. Ev. § 35 ; 3 Gr. Ev. §§ 30, 31.

For the error above pointed out the judgment of the court below is reversed, and the cause is remanded for a new trial, and said Moorer will be kept in custody until discharged by due course of law.