### THE STATE OF KANSAS v. L. R. MAY.

1. BEER, *Intoxicating.*   Beer is presumed to be intoxicating, within the meaning of the prohibitory law.

2. QUESTION FOR JURY—*Erroneous Instruction.*   In a prosecution for a violation of the prohibitory liquor law, where the sale of drinks called "hop tea" and "B. B." is admitted, and the only question is, whether the articles sold are intoxicating liquors, within the meaning of the statute, it is a question of fact to be determined by the jury, whether such liquors are intoxicating or not; and the following instruction: "Beer is a malt liquor, and intoxicating, within the meaning of the

law; and if you believe from the evidence, beyond a reasonable doubt, that the liquors sold were made from beer and water, the principal part thereof being beer, or enough beer used to cause an infusion of malt into the liquor sold, and so much so that the said liquor becomes a malt liquor, it is your duty to find that it is an intoxicating liquor, within the meaning of the law," is erroneous.

### Appeal from Reno District Court.

FEBRUARY 6, 1893, *May* was convicted of unlawfully selling intoxicating liquors. He appeals. The opinion states the facts.

*Davidson & Williams*, for appellant.

*John T. Little*, attorney general, and *James McKinstry*, county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J.: The defendant was charged in two counts with unlawful sales of intoxicating liquors, and, in the third count, with keeping a nuisance. He was convicted under the first and third counts. The first complaint is, that the third count of the information was amended after the jury had been sworn, by inserting the words, "and maintained by said defendant, L. R. May." We think the amendment was an immaterial one, and that the offense was sufficiently charged without it. It was admitted on the trial that the defendant sold "hop tea" and "B. B." in bottles, and the only question at issue on the trial was, whether the liquors sold were intoxicating liquors, within the meaning of the law. Included in the charge to the jury we find the following:

"4. There is no dispute in this case but that the defendant sold bottles of liquor called 'hop tea' and 'B. B.,' and the question for the jury to determine in this case is, whether or not the liquors so sold were intoxicating liquors.

"5. I instruct you that the statute makes spirituous, malt, vinous and fermented liquors intoxicating; and if you believe from the evidence in this case, beyond a reasonable doubt, that the said liquors known as 'hop tea' and 'B. B.,' are either spirituous, malt, vinous or fermented liquors, it is your duty

to find such liquors intoxicating, whether they produce actual drunkenness or not.

"6. Beer is a malt liquor, and intoxicating, within the meaning of the law; and if you believe from the evidence, beyond a reasonable doubt, that the liquors sold were made from beer and water, the principal part thereof being beer, or enough beer used to cause an infusion of malt into the liquor sold, and so much so that the said liquor becomes a malt liquor, it is your duty to find that it is an intoxicating liquor, within the meaning of the law."

These instructions do not correctly state the law. The statute does not make any liquor intoxicating, but prescribes the punishment for the sale of those that are really so. The presence of malt in any compound does not necessarily make it an intoxicating liquor at all. It is not the presence or absence of any one particular ingredient that brings the compound within the prohibition of the statute, as was said by this court in *Intoxicating-Liquor Cases*, 25 Kas. 767:

"The mere presence of alcohol does not necessarily bring the article within the prohibition. The influence of the alcohol may be counteracted by the other elements, and the compound be strictly and fairly only a medicine."

And on page 768 of the same opinion:

"The courts may not say, as a matter of law, that the presence of a certain per cent. of alcohol brings the compound within the prohibition, or that any particular ingredient does or does not destroy the intoxicating influence of the alcohol, or prevent it from ever becoming an intoxicating beverage. Of course, the larger the per cent. of alcohol and the more potent the other ingredients, the more probably does it fall within or without the statute; but in each case the question is one of fact, and to be settled as other questions of fact."

Beer is presumed to be intoxicating. (*The State v. Teissedre*, 30 Kas. 477; *The State v. Volmer*, 6 id. 371; *The State v. Jenkins*, 32 id. 477.) But it does not follow that any compound which contains beer, or the principal part of which may be beer, is intoxicating; nor is the presumption that any article called by the name of beer is intoxicating a conclusive

one that may not be controverted by evidence. Beer is both a malt and fermented liquor, as was said by this court in *The State v. Schaefer*, 44 Kas. 94:

"Under the statute, all fermented liquor is presumed to be intoxicating; and if the defendant denies that the fermented liquor sold by him is intoxicating, it devolves upon him to remove the presumption of law by evidence."

If the article sold was beer, it was not incumbent on the state in the first instance to show that was intoxicating; but the defendant had a right to show, if he could, that it was not intoxicating. If it was not beer, or any other liquor presumed to be intoxicating, it was incumbent on the state to show in the first instance the intoxicating qualities of the liquor sold.

The fifth and sixth instructions are erroneous, and the eighth instruction is also open to criticism.

Judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.