THE FISH-KECK COMPANY v. CHARLES B. REDLON.

**No. 258.**

1. REMARKS OF COUNSEL—*Not Reviewed, When.* The remarks of counsel complained of are not sufficient to vitiate the verdict or require a new trial, in the absence of any objection or exception. It is the duty of an attorney at the trial to call the attention of the court, and request its interposition to objectionable remarks made by opposite counsel.

2. VERDICT EXCESSIVE—*Two Causes of Action—New Trial.* It is error for the trial court to overrule a motion for a new trial and render judgment upon a verdict based on two causes of action, where the verdict is in excess of the amount recoverable on the first, and when the second does not state facts sufficient to constituse a cause of action.

Error from Wyandotte court of common pleas ; T. P. ANDERSON, judge. Opinion filed May 4, 1898. Reversed.

*W. C. Webb, Arthur Fuller,* and *Hutchings & Keplinger,* for plaintiff in error.

*Geo. W. Littick,* and *Nathan Cree,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. · In April, 1892, C. B. Redlon shipped a consignment of cattle and hogs to the Fish-Keck Company, commission merchants ; the stock was received and sold by the company on April 26, 1892. B. C. Redlon claimed to own the stock, and demanded that the payment of the proceeds of the sale be made to him. C. B. Redlon also demanded payment therefor. The Fish-Keck Company paid C. B. Redlon all the money, except $500, which the company refused to turn over to either of the claimants. In May, 1892, the Fish-Keck Company commenced an action in the

district court of Wyandotte county against both the
Redlons for the purpose of determining which should
receive payment of the money. In July, 1892, B. C.
Redlon commenced an action in the district court of
Crawford county against the Fish-Keck Company for
the recovery of the proceeds of the sale of stock, and
C. B. Redlon was also made a party to the action.

Afterward the action in Wyandotte county was dis-
missed, and the action in Crawford county was also
dismissed as to C. B. Redlon. The present action was
instituted by C. B. Redlon on December 5, 1892,
against the Fish-Keck Company, in the court of com-
mon pleas of Wyandotte county. The plaintiff alleged
in his petition two causes of action. The first was for
the recovery of the proceeds of the sale of the stock in
the sum of $500, with interest. For his second cause
of action, he stated how the money came into the pos-
session of the Fish-Keck Company ; alleged the insti-
tution of the actions in Wyandotte and Crawford
counties, and that these actions were brought pursu-
ant to a conspiracy between B. C. Redlon and the
Fish-Keck Company to hinder, delay and defraud the
plaintiff ; that in defending his rights in these actions
he was compelled to pay out large sums of money for
attorney fees, hotel bills, and had expended a large
amount of valuable time, and claimed damages by
reason thereof in the sum of $442.90. The Fish-Keck
Company answered, admitting the receipt and sale of
the stock, that it held $500 of the proceeds of the sale,
but alleged that the same was the property of B. C.
Redlon. The plaintiff's reply was a general denial.
The cause was tried by a jury, and resulted in a ver-
dict for plaintiff in the sum of $935. The defendant
filed a motion for a new trial, which was overruled.
Judgment was rendered on the verdict.

Fish-Keck Company v. Redlon.

The plaintiff in error, defendant below, presents the case to this court for review. We will notice the sixth assignment of error. It is, that "the court erred in overruling the motion for a new trial because of the misconduct of the prevailing party." The alleged misconduct consists in the remarks of plaintiff's counsel in arguing the case to the jury. The arguments should be confined to the facts brought out in the evidence. No objections were made or exceptions taken by the appellant to the conduct or remarks of counsel, so far as the record shows. This court is limited to the review of the alleged errors committed by the trial court, and, speaking generally, the attention of the trial court should be called to the improper language of counsel, and a ruling had upon the objection in order to preserve the question. There being no objection to the remarks of counsel, nor exception to the ruling of the court, the question here presented is not open for review. The supreme court has repeatedly held, that unless a party objects or excepts to improper remarks of counsel such improper remarks do not necessarily constitute grounds for reversal.

In *The State v. Nusbaum*, 52 Kan. 53, the court says :

"An appeal has been taken, and the ground of complaint is the misconduct of the county attorney during the trial, and especially in the argument made to the jury. No objections or exceptions were made or taken by the appellant to the questions and conduct of the county attorney, so far as the record shows, and the questions now presented are not open for review."

In *The State v. Sorter*, 52 Kan. 538, the court says :

"There is complaint made about the opening statement of counsel for the state, but only one objection was made at the time. We have examined that objection and find nothing substantial in it, and we dis-

cover very little reason for complaint of any portion of the statement. As the attention of the trial court was not called to other objections now complained of, we cannot examine them."

In *St. L. Ft. S. & W. Rld. Co. v. Irwin*, 37 Kan. 714, the court says :

"Of course the arguments should be confined to the facts brought out in the evidence, and it is error to allow counsel, over objections and exceptions, to discuss matters foreign to the evidence and prejudicial to the opposing party. But in exercising its appellate jurisdiction this court is limited to the review of the alleged errors committed by the district court, and, generally speaking, the attention of the trial court should be called to the improper language of counsel, and a ruling had upon the objection, in order to present the question here. There being no exception to the ruling on an objection, nor any unsustained objection, we cannot say the court erred."

In *Crumpton v. United States*, 138 U. S. 364, the court says :

"No objection was made at the time to this argumunt, nor was the court requested to interrupt it, or caution the jury against its force ; and no exception appears to have been taken. There is no doubt that, in the excitement of an argument, counsel do sometimes make statements which are not fully justified by the evidence. This is not such an error, however, as will necessarily vitiate the verdict or require a new trial. It is the duty of the defendant's counsel at once to call the attention of the court to the objectionable remarks, and request its interposition, and, in case of refusal, to note an exception."

All other assignments of error relate wholly to the second cause of action, and we deem it unnecessary to examine the alleged errors further than to say that the second count does not state a cause of action. The evidence of damage sustained under the second

count of the petition is too indefinite and uncertain to sustain a verdict for any amount. It, therefore, follows that the judgment of the trial court must be reversed and the cause remanded for a new trial.