[Daniel v. The State.]

# Daniel *v*. The State.

## Selling Liquor Without License.

(Decided Feb. 17th, 1907. 43 So. Rep. 22.)

1. *Criminal Law; Misnomer; Jury Question.*—Where a plea of misnomer is interposed and the evidence on the plea is in conflict, its decision is properly submitted to the jury.

2. *Intoxicating Liquors; Indictment; Requisite.*—An indictment charging that the defendant sold spirituous, vinous or malt liquors without a license and contrary to law, is in code form and unobjectionable.

3. *Same; Sale or Gift.*—An indictment charging that defendant gave away or otherwise disposed of spirituous, vinous or malt liquors without license and contrary to law, charges no offense.

4. *Indictment; Demurrer.*—The proper mode of reaching a defect in an indictment is by demurrer and not by motion to quash.

5. *Same; Discretion of Court.*—Motion to quash an indictment for defects in the charging portion is addressed to the discretion of the court, and is not reviewable unless abused.

6. *Intoxicating Liquors; Sale; Evidence.*—Evidence that the clerk sold the liquor without a showing that defendant authorized a sale, will not support a charge of the sale of the liquor by the defendant.

7. *Criminal Law; Judicial Notice.*—The court does not judicially know that "hop-ale or hop-jack" is a malt liquor.

8. *Intoxicating Liquors; Evidence; Jury Question.*—Whether hop-ale or hop-jack is a malt or intoxicating liquor, is one of fact for the jury to determine.

9. *Same; Evidence; Admissibility.*—Where the defendant is charged with the sale of spirituous, vinous or malt liquors, and it is sought to establish the charge that he sold hop-ale or hop-jack, it is competent for the lefendant to show by the manufacturer of such beverage that it was not spirituous, vinous or malt liquor.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

The indictment in this case was as follows (after usual caption) : "That Will Daniel sold spirituous, vi-

nous, or malt liquors without a license and contrary to law; (2) that Will Daniel did give away or otherwise dispose of spirituous, vinous, or malt liquors without a license and contrary to law; (3) that Will Daniel did unlawfully sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, or other intoxicating beverages, within three miles of Belle Sumter, a coaling ground in precinct 3, in Jefferson county, and not in an incorporated town having police jurisdiction both day and night—against," etc. To this indictment the defendant filed a plea of misnomer, alleging that his name was not "Daniel," but "McDaniel," and that he is not known or called by the name of "Daniel." This plea was submitted to the jury under the evidence, and issue found against defendant. The defendant also moved to quash the indictment, and each count thereof: "(1) Because said indictment does not charge any offense under the laws of Alabama. (2) It does not charge any offense known to the common law. (3) Said indictment charges in the disjunctive two offenses, and the averment of each disjunctive is insufficient to constitute an offense. (4) Neither does any count thereof in said indictment aver that the alleged selling, giving away, or otherwise disposing of spirituous, vinous, or malt liquors, or other intoxicating beverages, was within two miles of any coaling grounds in the county of Jefferson. (5) It is not alleged in said indictment that the alleged selling, giving away, or otherwise disposing of vinous, spirituous, or malt liquors, or other intoxicating beverages, was done without a license or contrary to law. (6) It is not alleged in said indictment, or any of the counts thereof, that said acts were not done in an incorporated town having police regulation both by day and night. (7) For that the act upon which this prosecution is based has been repealed by an act to provide for the revenue of the state, approved March 4, 1903." This motion was granted as to the third count, and overruled as to the other two. The facts in the record are sufficiently set out in the opinion. To raise the questions presented, the defendant requested in writing the following charges, which the court refused: "(1) If the jury believe the evidence in this case, they must find the defend-

ant not guilty. (2) I charge you, gentlemen of the jury, that 'Hop-Ale,' or 'Hop-Jack,' is not a malt liquor. (3) I charge you that the state must show beyond a reasonable doubt and to a moral certainty that the defendant sold, gave away, or otherwise disposed of spirituous, vinous, or malt liquors without a license and contrary to law, and that the evidence must satisfy you beyond a reasonable doubt that 'Hop-Ale,' or 'Hop-Jack,' is a spirituous, vinous, or malt liquor before you can convict the defendant." In its oral charge the court stated to the jury: "I charge you, gentlemen of the jury, as a matter of law, that 'Hop-Ale,' or 'Hop-Jack,' is a malt liquor." The defendant excepted to this, and also to the following oral charge of the court: "If you believe the evidence in this case, that the defendant did, within twelve months before the finding of this indictment in this county, sell 'Hop-Jack,' or 'Hop-Ale,' you should find him guilty."

FRANK S. WHITE & SONS, for appellant.—The act upon which this prosecution is based was repealed by General Acts 1903, page 209. The names are not idem sonans and the affirmative charge should have been given for the defendant.—*Humphreys v. Whiten,* 17 Ala. 30; *Jacobs v. The State,* 61 Ala. 448; *Underwood v. The State,* 72 Ala. 220; *Merlett v. The State,* 100 Ala. 42. The state failed to make out the offense charged. Whether the liquor was a malt liquor or not must be proven.— 62 Me. 242; 52 Kan. 53. It must be decided by the evidence in each particular case.—*Wadsworth v. Duncan,* 98 Ala. 610. It is a question of fact for the jury.—*Hinton v. The State,* 132 Ala. 30; *Allred v. The State,* 89 Ala. 112; *Wall v. The State,* 78 Ala. 418. The court erred in reference to the evidence of Witherspoon.—40 Ala. 60; 21 Ala. 571; 34 Ala. 262. The court erred in excluding the testimony of Dr. Schulhofer.—*Pettaway v. The State,* 36 Texas Criminal, 97; *Commonwealth v. Pease,* 110 Mass. 410; *State v. Piche,* 98 Me. 348; *West v. State,* 39 Ind. App. 161; *Karle v. The State,* 87 Ala. 17; 69 Ala. 235; *Knowles v. The State,* 80 Ala. 9; 91 Ala. 47; 98 Ala. 610; 40 Kan. 87; 38 Am. Rep. 344. The

court's oral charge was erroneous.—44 S. W. 491; 52 Kan. 53; 67 Me. 242, and authorities supra.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

DOWDELL, J.—The defendant filed a plea of misnomer to the indictment. Issue was joined on this plea. The evidence was in conflict. The court properly submitted the question to the jury.

The indictment contained three counts. The defendant moved to quash the indictment, and each and every count thereof. The court sustained the motion to quash as to the third count, but overruled it as to the first and second counts. The first count is in Code form and unobjectionable. The second count is defective, but the proper mode of reaching the defect was by demurrer, and not by motion to quash.—*Boulo v. State,* 49 Ala. 22. Moreover, the motion to quash an indictment is, as a general rule, addressed to the discretion of the court, and in the present case, on the grounds predicated in the motion, the rule applies.—*White v. State,* 74 Ala. 31.

The evidence shows that the defendant was a merchant at Belle Sumter, Ala., in precinct 3, Jefferson county, and that he dealt in groceries and soft drinks; that one Jim Clark was a clerk in defendant's store at said place; and that said clerk sold to the witness a liquor called "Hop-Ale," or "Hop-Jack." The two important questions presented by the record are: First, can the defendant be convicted on proof of sale made by his clerk, without proof that the defendant participated in the act or authorized the doing of it? Second, can the court say, as matter of law, that the liquor called "Hop-Ale," or "Hop-Jack," is a malt liquor, or that it is intoxicating?

As to the first question, in the absence of any evidence tending to show that the defendant participated in the act of selling by said Clark, or that he authorized Clark to make the sale, and the mere fact that Clark was the defendant's clerk, without more, is insufficient to show this. The defendant could not be held criminally responsible for Clark's act.—*Seibert v. State,* 40 Ala. 60;

*Nall v. State,* 34 Ala. 262; *Patterson v. State,* 21 Ala. 571.

As to the second question: In *Allred v. State,* 89 Ala. 112, 8 South. 56, it was held that "malt liquors" included "ale," and hence the courts judicially know ale to be a malt liquor. The courts, however, cannot judicially know that the liquor called "Hop-Ale," or "Hop-Jack," is the same as ale. The name would naturally indicate a difference. It was also said in *Allred's Case, supra,* that "malt liquors" included "beer." In the cases of *State v. Starr,* 67 Me. 242, and *State v. McCafferty,* 63 Me. 223, it was held that it was a question for the jury to determine whether a liquor called "Hop-Ale" was a malt liquor or intoxicating. In the case of *State v. May,* 52 Kan. 53, 34 Pac. 407, it was held that it was a question for the jury whether a liquor called "Hop-Tea" is intoxicating. In *Barnes v. State,* (Tex. Cr. App. 1898) 44 S. W. 491, it was said a court does not judicially know that "Hop-Ale" is intoxicating. There must be affirmative proof to establish this fact, and, where the prosecuting witness testifies that he does not know whether this substance is intoxicating or not, a conviction cannot be sustained. In the case before us the liquor for the sale of which the defendant is prosecuted is called "Hop-Ale," or "Hop-Jack." We are quite certain that the court cannot judicially know that "Hop-Jack" is a malt liquor, or that it is intoxicating, and, under the above authorities, we are of the opinion that the court cannot say as matter of law that "Hop-Ale" is a "malt liquor," or intoxicating, and that the question is one of fact, which should be left to the jury. The evidence in the case before us, without conflict or dispute, showed that the liquor called "Hop-Ale," or "Hop-Jack," was not intoxicating. The defendant proposed to show by the manufacturer of "Hop-Ale," or "Hop-Jack," that it was not a "malt liquor"; but this the trial court would not permit. The court should have allowed this proof to be made.

The questions above discussed were raised both on the introduction of evidence and requested instructions to

[Dinkins v. The State.]

the jury. What we have said will sufficiently point out the errors committed by the trial court.

Reversed and remanded.

TYSON, C. J. and HARALSON and SIMPSON, JJ., concur.

*Selling Liquor Without a License.*

