# Lambie *v*. The State.

*Selling Liquor Without License.*

(Decided May 15, 1907.　44 South. 51.)

1. *Intoxicating Liquors;. Indictment; Sufficiency.*—An indictment for selling liquor without license, the first count of which, is in code form and the second of which is, that L. did sell, give away or otherwise dispose of spirituous, vinous or malt liquors, without a license and contrary to law; and the third, that L. did unlawfully sell, give away, or otherwise dispose of spirituous, vinous or malt liquors, intoxicating bitters, cordials, or fruits preserved in alcoholic liquors, in Jefferson county, not in an incorporated town or city, having police regulation both day and by night, is in conformity in the first instances to the requirements of the code and in the third instance with the Acts of 1892-3, p. 15, and is sufficient against demurrers.

2. *Criminal Law; Evidence; Relevancy.*—Where a witness testified that he went into "his place of business and there was a man behind the bar," and the context indicates that the place of business referred to was that of defendant, such evidence was not incompetent on account of irrelevancy.

3. *Intoxicating Liquors; Wrongful Sale; Evidence.*—Where it appeared that the store belonged to defendant, and it was shown that he was in the store at the time, and could have heard the conversation between the witness and a clerk in the store, in which the clerk said that they kept hop-jack or hope-ale and whiskey, and that hop-jack or hop-ale was really beer, and that the clerk refused to sell witness any of the hop-ale to take away from the store, but did sell him some which he drank on the premises, such acts and conversation were admissible.

4. *Same; Malt Liquors.*—Whether intoxicating or not, the sale of a liquor known as hop-jack or hop-ale and made of malt, is prohibited by Acts 1892-3, p. 15.

5. *Evidence; Judicial Knowledge; Liquors.*—A court judicially knows that beer is a malt liquor, and whether hop-jack or hop-ale was beer and an intoxicating liquor was a question of fact for the determination of the court, in this instance, under the statute.

6. *Criminal Law; Trial; Reception of Evidence.*—A question to the prosecuting witness as to whether he was out looking for evidence, was too indefinite to require an answer.

7. *Intoxicating Liquors; Wrongful Sale; Sale by a Clerk; Liability of Owner.*—Although the proprietor had no knowledge of, and did not authorize the sale, yet if he heard a conversation between witness and his clerk which resulted in the sale, he could properly be convicted of a violation of Acts of 1892-3, p. 15.

[Lambie v. The State.]

8. *Same; Burden of Proof; License.*—Upon proof of the sale of prohibtied liquor the burden was cast upon defendant to show that he had a license to sell such liquor.

9. *Trial; Special Finding of Facts.*—The provisions of the Code and the Acts providing for the special finding of facts by the presiding judge when trying without a jury, has no application to criminal cases.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Jack Lambie was convicted of illegal sale of intoxicating liquors, and he appeals. Affirmed.

The indictment was in the following language: "The grand jury," etc., "charge that Jack Lambie sold spirituous, vinous, or malt liquors without license and contrary to law; second, that Jack Lambie did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors without a license and contrary to law; third, that Jack Lambie did unlawfully sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, intoxicating bitters, or cordials, or fruits preserved in alcoholic liquors, in Jefferson county, not in an incorporated town or city having police regulation, both by day and night."

The following demurrers were assigned to the indictment:

To the first count: "Because it does not specify the place where such alleged violation was committed, as required by law when charging a violation of a local prohibition law. (2) Because it does not allege that the offense was committed outside of an incorporated town or city having police regulation both by day and by night. (3) Because it does not allege the violation of any prohibition statute by alleging the name of the place or locality. * * * (5) Because it charges a violation of the revenue law, and not a prohibitory law within a prohibited locality. (6) Because the prohibitory law of Jefferson county establishes a prohibition district

[Lambie v. The State.]

in Jefferson county with the exception of incorporated towns and cities having police regulation both by day and by night, and it is not alleged that the sale took place within the exception. (7) Said prohibitory act repeals the general law of the state in Jefferson county. except in incorporated towns and cities, and the indictment does not allege in this count that the sale took place within the exception. (8) It does not appear whether the defendant is charged with a violation of a local prohibitory statute or the general revenue law. (9) Because certain territory has been specially exempted from the operation of the general prohibition laws of Jefferson county, and it is not alleged that the sale did not take place in the exempted territory."

To the second count the several grounds of demurrer to the first count were interposed, with the additional ground: "That it is alternatively alleged that the defendant did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors without license and contrary to law, and that two of said averments, namely, to give away and otherwise dispose of, do not charge any offense known to the law or violate any special statute."

The same grounds were interposed to the third count.

THOMAS T. HUEY, for appellant.—The demurrers to the 2nd count should have been sustained.—*Robinson v. The State,* 100 Ala. 123. Counsel discusses other assignments of error but cites no authorities in support thereof.

ALEXANDER M. GARBER, Attorney General, for State. —The demurrers were properly overruled.—*Guarreno v. The State,* 42 South. 833. It was proper to show that the drink would make a man drunk.—*Knowles v. The State,* 80 Ala. 9; *Hinton v. The State,* 132 Ala. 29. The

[Lambie v. The State.]

court judicially knows that beer is a malt liquor.—
*Tinker v. The State,* 90 Ala. 647. Whether intoxicating
or not, the statute prohibits the sale of a malt liquor.—
*Fiebleman v. The State,* 130 Ala. 122; *Brame v. The
State,* 38 South. 1031. The burden was on defendant to
show license.—17 A. & E. Ency. of Law, 330. It is im-
material whether defendant's place of business was
within an incorporated city or town or not if he had no
license. The court takes judicial notice of the incorpor-
ation of cities.—63 Ala. 611.

HARALSON, J.—The indictment seems to have been
framed in exact conformity with the act of the Legisla-
ture, approved December 8, 1892 (Acts 1892-93, pp. 15,
16).

The defendant demurred to the indictment on grounds
set out in the transcript, which demurrer was properly
overruled.—*Guarreno v. State,* 148 Ala. 637, 42 South.
833; *Daniel v. State,* 149 Ala. 44, 43 South. 22.

T. D. Reeves, for the state, testified that, last spring
he went into "his" place of business, and that there was
a man behind the bar. It is not stated whose place of
business it was; but the context shows it was defend-
ant's. An objection for irrelevancy was properly over-
ruled.

He testified to a conversation he had with the man in
the store where defendant was present at the time, put-
ting a faucet in a barrel; that he asked the man "if they
kept anything there to drink," and that he replied that
they kept hop jack, hop ale and whisky, but that hop
jack or hop ale was really beer, but they called it hop
jack or hop ale; that he asked for two bottles, telling
the man that he wanted to take it home with him; that
the man said he did not know whether he could take it
out of the store or not, and went to where defendant

was putting the faucet in the barrel, and talked some to him, and returned and said he could not take it out of the store; that witness told the man he would take it, and that he bought one bottle—which the man opened for him—and drank it in the store; that it tasted and looked like beer, and in his judgment was beer, and he thought it would make a man drunk; that the store he was in, was on Twenty-Fourth street, Bessemer, and that the man from whom he bought the bottle said it was defendant's store. He also testified that he had no conversation or connection with defendant, and of his own knowledge, did not know whether it was defendant's place of business or not.

The defendant objected to this evidence, as it was brought out, which the court overruled.

The defendant testified, that he kept "a stand" on Twenty-Fourth street, Bessemer, where he sold soft drinks and run a restaurant; that he did not keep beer for sale or other disposition at his place of business; never saw said Reeves in his store at any time, and had a state and county license to sell hop jack, hop ale and hop tea, covering the time alleged in the indictment. The state objected to the introduction of this license, and the court sustained the objection.

He was asked by his counsel did he have any knowledge of, or did he authorize his clerk to sell, give away, or otherwise dispose of any beer to the witness Reeves, —which, on objection by the solicitor, the court would not allow to be proved. He also testified, that he kept no beer at all, at his place of business.

The conversation between Reeves and this man was not improperly admitted in evidence. The defendant was in the store at the time, which, as the evidence without conflict shows, belonged to defendant, and the evidence authorized the inference that defendant heard the

[Lambie v. The State.]

conversation. It was for the court to determine whether he heard it or not, and whether the man who held the conversation with Reeves was his clerk or not, and if so, whether defendant sanctioned the sale of the bottle of liquor, whatever it was, by the clerk to Reeves. It was not necessary for inferences against the defendant to be indulged, that the witness, Reeves, had no conversation or connection with defendant, or whether defendant knew Reeves or not. If this were true, defendant may have heard all that took place.

Whether the drink sold was intoxicating or not, if it was malt liquor, it was prohibited to be sold.—*Feibelman v. State,* 130 Ala. 122, 30 South. 384. The witness testified, that the liquor tasted and looked like beer, and he thought it would make a man drunk. The court judicially knows that beer is a malt liquor, and whether hop jack or hop ale was beer and an intoxicating liquor, was a question of fact for the determination of the court, under the statute.—*Daniel v. State,* 149 Ala. 44, 43. South. 23; *Tinker v. State,* 90 Ala. 648, 8 South. 855; *Watson v. State,* 55 Ala. 159.

The question asked witness Reeves, "Were you looking for evidence, Mr. Reeves?" is too indefinite, and the court properly sustained the objection to it.

Defendant's license to sell drinks he mentioned in his testimony did not legalize the sale of spirituous, vinous or malt liquor, and the sale of such liquors under the name of hop jack, etc., would constitute a violation of the law.—*Brame v. State,* 38 South. 1031.

Defendant was asked if he had any knowledge of or authorized his clerk to sell, give away, or otherwise dispose of any beer to the witness Reeves, during the time covered by the indictment,—which questions were allowed. If he had no such knowledge, or had not given such authority, yet if he heard what was going on be-

[Dillard v. The State.]

tween his clerk and Reeves, which the court, under the evidence, was authorized to infer, defendant might have been guilty of violating the law.

Without reference to the third count, if it were admitted that there was no evidence to show that defendant's place of business was not in an incorporated city or town having police regulation both by day and night, still the first and second counts were ample, and the defendant might have been found guilty under the evidence under either of these, to say nothing of the third count. The proof showed a sale of hop jack or hop ale, which the evidence tended to show was really beer, or malt liquor, and such sale would constitute the offense charged in these counts. The burden was on the defendant to show that he had a license to sell malt liquor, which he did not do.—17 Am. & Eng. Ency. Law, 330.

It appears by the record in this case, that there was a special finding of the facts in writing, by the presiding judge, on the demand of the defendant. We have disregarded this finding for the reason that such procedure is without warrant in a criminal case.—Code 1896, § 3319, et seq.; Acts 1900-01, p. 1854, § 13.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.