# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1906-1907.

## Tucker *v.* The State.

*Assault With Intent to Murder.*

(Decided July 2, 1907. 44 South. 587.)

1. *Criminal Law; Plea in Abatement; Drawing Jury; Form.*—Under section 5260, Code 1896, a plea in abatement which alleges that the grand jurors who returned the indictment were not drawn in the presence of the officers designated by law to draw such jury, was in proper form and good as a plea.

2. *Grand Jury; Selections; Mode.*—The provisions of section 5269, Code 1896, does not relieve the officers who draw the jury of the duty of drawing grand jurors from the box that they are required to prepare in the manner prescribed by sections 4982-4989, Code 1896; and if such officers make up the grand jury venire in a mode other than that prescribed by the sections last quoted advantage of the defect may be taken by plea in abatement to the indictment.

3. *Same; Plea; Separate Trial.*—Where a defendant enters a plea in abatement to the indictment and also enters a plea of not guilty, he is entitled as a matter of right to have his plea in abatement tried and determined first and separately.

4. *Same; Waiver; Arrest of Judgment.*—When a defendant indicted for a felony pleads an abatement to the indictment and also not guilty, the failure to object to a trial of the issues jointly, it is not a waiver of the irregularity; but he may take advantage thereof, either by motion in arrest of judgment or on appeal.

5. *Same; Verdict.*—A general verdict of guilty as charged is not responsive to the issues, where the trial was had upon a plea of abatement to the indictment, and a plea of not guilty, and such verdict is erroneous.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

John Tucker was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

[Tucker v. The State.]

The defendant was indicted for an assault with intent to murder, and filed several grounds of motion to quash the indictment not necessary to be here set out. Demurrer being sustained to the motion to quash, the defendant filed as pleas in abatement the several grounds of the motion, the second of which is in the following language: "Because the grand jurors who were organized and impaneled and who returned an indictment against the defendant were not drawn in the presence of the officers as designated by law to draw said jury." Issue was taken on this second plea, and demurrers sustained to the other. It seems from the record that the plea in abatement and the plea of not guilty were submitted to the same jury at the same time. The defendant introduced E. A. Williams, who testified that he was one of the jury commissioners of Marion county, and was one of the jury commissioners which drew the grand jury that returned the indictment in this case. Objection was sustained to the following questions propounded to the witness by the defendant: "If you had a jury box, I want to know how you got the name of the jury that found this indictment?" "Did you not write the names on a piece of paper of the persons whom you desired to serve as grand and petit jurors for the term which found the indictment against the defendant, and did not the other two commissioners do the same, each selecting the names of the person who they desired to serve as grand jury and petit jury men in their respective districts, and did you not put these names immediately in the box and immediately draw them out, and is it not a fact that the box had no other names in there except the names which you selected and put in there at the time of the drawing of this jury?" "State if it is not a fact that you selected them outside of the jury box. Did you not also write the names of the persons whom you wished to be on the

[Tucker v. The State.]

jury to put them in the jury box at the time you drew the jury from out the box?" "Is it not a fact that you selected them yourselves from your district, and the other three commissioners?" "Is it not a fact that you did not draw them from the jury box at all?"—and other questions of similar import. These same questions were asked of J. E. Real and P. E. Caudle, and objection sustained to them. The jury returned the general verdict of guilty as charged, and defendant appeals.

NESMITH & STONE, for appellant.—Counsel discuss the pleadings and insist that the affirmative charge should have been given for defendant on his plea in abatement; they further insist that the charges requested should have been given on the authority of *Wall v. The State,* 90 Ala. 623; *Brown v. The State,* 109 Ala. 89; *DeArman v. The State,* 71 Ala. 357; s. c. 89 Ala. 43; *Ex parte Sloan,* 95 Ala. 22; *Crawford v. The State.* 95 Ala. 16.

ALEXANDER M. GARBER, Attorey General, for the State.—The questions presented by the plea in abatement fall within the curative influence of section 5269, Code 1896; *Shirley v. The State,* 144 Ala. 35; *Rogers v. The State,* Ib. 23; *Pate v. The State,* 43 South. 343. The remark of the witness Cantrell was part of the res gestæ.—*Nelson v. The State,* 130 Ala. 83; *Ferguson v. The State,* 141 Ala. 20. The charges requested by the defendant were properly refused. Charge 43 on the authority of *Mitchell v. The State,* 60 Ala. 26; *McElroy v. The State,* 75 Ala. 9; *Sullivan v. The State,* 102 Ala. 105. Counsel discuss other charges but cites no authority.

TYSON, C. J.—The defendant was indicted for an assault with intent to murder, which, under the statute, is a felony. At the term at which the indictment was preferred he filed a motion, containing a number of grounds, to quash the indictment. To this motion a demurrer was interposed, which was sustained by the court. Thereupon he filed a number of pleas in abatement. One of these was that "the grand jurors who were organized and impaneled, and who returned the indictment against the defendant, were not drawn in the presence of the officers as designated by law to draw said jury." Issue was taken upon this plea.

Section 5269 of the Code of 1896 provides that "no objection can be taken to an indictment by plea in abatement, or otherwise, on the ground that any member of the grand jury was not legally qualified, or that the grand jurors were not legally drawn or summoned, or on any other ground going to the formation of the grand jury, *except that the jurors were not drawn* in the presence of the officers designated by law," etc. Pretermitting the application of the principle, which obtains in this court, that taking issue upon a plea, without testing its insufficiency by demurrer, admits its legal sufficiency, we feel constrained to hold that the plea in this case was entirely good. The exception in the statute above italicised does not relieve the officers designated of the duty of drawing grand jurors from the box which they are required to prepare.—Code 1896, §§ 4982 et seq., 4989. They cannot make up the venire which is to compose the grand jury in any other mode; and, if they do so, advantage may be taken of it by plea in abatement, as was done in this case.—*Cochran v. State*, 89 Ala. 40, 8 South. 78. To allow the officers charged with this duty to select the grand jury in any other mode would not only violate the plain mandate of the

statutes, but would open the way for the evils which it was manifestly their purpose to prevent. It was, therefore, error for the court to refuse to allow defendant to prove that the grand jurors were not drawn from the box at all, and the like, in support of his plea.

Furthermore, the plea in abatement and the plea of not guilty should not have been submitted to the jury at the same time. The special pleas should have been first tried; and defendant's failure to make objection to the trial of both issues at the same time is not a waiver of the irregularity, and advantage of it may be taken in arrest of judgment, or on error.—*Foster v. State,* 39 Ala. 229; *Faulk v. State,* 52 Aa. 416; *Barber v. State,* 151 Ala. 56, 43 South. 808. The rule as to the waiver of the irregularity in misdemeanors is different.—*Dominick v. State,* 40 Ala. 680, 91 Am. Dec. 496.

And, again, error intervened in that the verdict of the jury was not responsive to both issues. The defendant had the right to have his plea in abatement passed upon by the jury, and this was not done by the verdict rendered.—*Davis v. State,* 136 Ala. Ala. 129, 33 South. 818.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.