# Harper *v.* The State.

### *Violating Prohibition Law.*

(Decided April 20, 1911. 55 South. 258.)

*Chriminal Law; Evidence; Misnomer.*—The evidence in this case examined and held to sustain the defendant's plea in abatement that his name was not as alleged in the indictment.

[Harper v. The State.]

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

S. Newton Harper was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Defendant, testifying for himself, said that his name was "Solomon Newton Harper," and that he was not known or called by the name of "S. Newton Harper." On cross-examination, the solicitor asked him if he was not known by the name of "Newton Harper" in the neighborhood, and over objection and exception the witness answered, "Yes, sir." K. Morgan testified that the witness signed his name "S. N. Harper," but he did not know what the "S." was for, but that he had never heard him called "Solomon." The solicitor asked the witness if he had not heard the defendant called "Newt," and over objection and exception the witness answered, "Yes, sir," and the solicitor asked if "Newt" was not a short name for "Newton," and after objection overruled the witness answered, "Yes, sir," and, further testifying, the witness said that he had never heard him called "Solomon Newton Harper," but that he was called "Newt Harper," and signed his name "S. N. Harper." Witnesses Austin and Boozier each testified that they had known the defendant for many years, and that he was not known and called as "S. Newton Harper," but was called "Newt Harper." Fricks also testified that his true name was "Solomon Newton Harper," and that he is not known or called "S. Newton Harper"; that he is sometimes called "Solomon," and sometimes "Newton."

MILO MOODY, for appellant. The court erred in overruling demurrers to the indictment.—Sec. 29½, Acts 1909, S. S., 90. The court erred in the selection of the jury.—Acts 1909, S. S. 318. The evidence plainly proves

the plea and the defendant was entitled to an acquittal. The remarks of counsel were highly prejudicial.—*Childres v. The State,* 86 Ala. 77; *McAdory v. The State,* 62 Ala. 154.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly overruled the demurrer as the indictment followed the form prescribed by law. The plea in abatement is insufficient.—*Bright v. The State,* 76 Ala. 97; *Cleveland v. Pollard,* 37 Ala. 588; *Diggs v. The State,* 49 Ala. 318. The court properly gave the affirmative charge as to this question.—*Cagle v. The State,* 87 Ala. 38.

PELHAM, J.—The defendant was indicted in the circuit court of Jackson county for a violation of the prohibition laws, and filed a plea in abatement, setting up his true name to be "Solomon Newton Harper," and not "S. Newton Harper," as alleged in the indictment, and that he had never been known or called by that name. The state, without filing a replication, took issue upon the plea. There was evidence to sustain the plea, and it was error in the court to give the general charge in favor of the state on the issue made. (The reporter will set out a summary of the evidence to sustain the plea in abatement.)

It is not necessary to notice the other questions presented, as in all probability they will not occur upon another trial, and for the error pointed out the case must be reversed and remanded.

Reversed and remanded.