### 3785. WEBB v. THE STATE.

RUSSELL, J. There is evidence as to the identity of the accused which authorizes the conclusion reached by the jury, and this court is without jurisdiction to disturb their finding upon disputed issues of fact. None of the special assignments of error are of sufficient merit to warrant a reversal of the judgment refusing a new trial. It is not made to appear that any one of the matters of which complaint is made could have prejudiced the accused, or have contributed to the verdict against him. It is plain that the case depended entirely upon the identification of an assailant who was unknown to the prosecuting witness. The requests to charge, so far as appropriate, were sufficiently covered in the general charge; and though the competency of some of the evidence admitted was prima facie doubtful, a review of the evidence as a whole shows that the statements to which objection was made can properly be considered as part of the res gestæ of the transaction.

*Judgment affirmed. Pottle, J., not presiding.*

DECIDED MAY 7, 1912. REHEARING DENIED SEPTEMBER 20, 1912.

Indictment for assault with intent to rape—conviction of assault and battery; from Milton superior court—Judge Morris. September 23, 1911.

The requests to charge, the refusal of which was assigned as error, related to the presumption of innocence, the degree of proof required, and reasonable doubt. As to the presumption of innocence the following instruction was requested: "In all criminal cases

the defendant is presumed to be innocent until the contrary appears by proof, and the presumption of innocence remains about him until the State legally and satisfactorily shows his guilt beyond a reasonable doubt. So in this case the law presumes the defendant to be innocent, and the burden is upon the State to show his guilt beyond a reasonable doubt." The court charged the jury as to the burden on the State to show guilt beyond a reasonable doubt, but did not charge expressly on the presumption of innocence. Counsel for the plaintiff in error contended that the accused was entitled to have the court charge on the presumption of innocence as well as upon reasonable doubt, and, on the motion for rehearing, cited Coffin v. United States, 156 U. S. 432, 452 (39 L. ed. 481).

*Gober & Griffin, J. T. Houze,* for plaintiff in error.

*J. P. Brooke, solicitor-general,* contra.

### ON MOTION FOR REHEARING.

RUSSELL, J. It is manifest that the most important question involved in this case is whether the judgment of the trial judge, refusing a new trial, should be reversed because of the court's refusal to comply with an appropriate written request to charge the jury, to the effect that the accused was presumed to be innocent. We have been unable to find any ruling upon the exact question in any of our Georgia decisions; and this is, no doubt, due to the fact that our trial judges have perhaps scarcely ever omitted to tell the jury in the trial of a criminal case that the defendant enters upon the trial with the presumption of innocence in his favor; that this presumption is in the nature of evidence in his favor, and remains with him until it is rebutted or overcome by evidence, satisfactory to the jury, of the defendant's guilt beyond a reasonable doubt.

In rendering the decision in this case, only two judges presided, and, while we were agreed that the jury should be informed (even in the absence of a request) that every one accused of crime is presumed to be innocent until his guilt is established by such proof as would remove any reasonable doubt, we differed as to whether the instructions actually given by the court sufficiently conformed to this requirement, which is elementary law. The point was not overlooked, as is stated in the motion for rehearing; but, as we were agreed that no other ground of the motion re-

quired the grant of a new trial, and as the court was equally divided in opinion as to this ground (and, for this reason, an affirmance of the judgment of the lower court would in any event have resulted as a matter of law), it was not thought necessary to make any reference to this special point in the headnote.

It must be admitted that if other language can be used as a substitute for a direct instruction, such as we have summarized above, the trial judge in the present case, by inference at least, practically submitted the principle to the jury; because, not only were the jury more than once instructed that they must be satisfied of the defendant's guilt beyond a reasonable doubt, but they were further told that the mere plea of "not guilty" formed the issue, and put upon the State the burden of proving, beyond a reasonable doubt, every material allegation in the indictment. As stated above, it is one of the elementary principles of criminal jurisprudence that the presumption of innocence is an instrument in the nature of proof, which provides one accused of crime with a substantial defense, and will prevent his conviction, unless and until it is removed by satisfactory proof of his guilt; and in most jurisdictions it is held to be error if there is a failure on the part of the court to instruct the jury to that effect. However, there is respectable authority to the effect that the failure to instruct the jury upon the presumption of innocence is not reversible error, where the court instructs the jury that "the law requires that the State shall prove the material elements of the crime beyond reasonable doubt." Morehead *v.* State, 34 Ohio St. 212. In Alabama and California the presumption of innocence and the doctrine of reasonable doubt are treated as practically synonymous. Ogletree *v.* State, 28 Ala. 693; Moore *v.* State, 44 Ala. 15; People *v.* Lemon, 79 Calif. 625-631. However, Greenleaf, in his text-book on Evidence, vol. 1, § 34, says: "This legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence to the benefit of which the party is entitled;" and we are agreed that the accused is entitled, if he requests it, to have the jury told that every man is presumed to be innocent until his guilt is proved beyond a reasonable doubt,—either in this language or in some substantially equivalent expression. The only question is as to whether the language used by the trial judge in the present case,

and to which reference has heretofore been made, was sufficiently explicit.

Those interested in a noteworthy and classic discussion of the subject, with citations from the earliest authorities, will do well to read the able opinion of Mr. Justice (now Chief Justice) White, in Coffin *v.* United States, 156 U. S. 432 (39 L. ed. 481), which the writer thinks states the true rule.