Jenkins, P. J.
Plaintiff, suing on open account, obtained a judgment for $151 as tbe balance due on a bill of cross-ties. Defendant excepts to the refusal to grant a new trial, basing his contentions upon two grounds: (1) that the court erred in charging the jury that ‘‘ in this case you will find in favor of that party plaintiff or defendant with whom you find a preponderance <rf the testimony lies upon the issue involved,” without in this connection or elsewhere charging upon the burden of proof; and (2) that the evidence failed to prove the amount of the indebtedness fixed by the verdict. Held:
1. In civil cases, contrary to the rule in criminal cases (Webb v. State, 11 Ga. App. 850, 851, 852, 75 S. E. 815, 76 S. E. 990), it is not held to be reversible error to omit to charge upon the burden of proof, when no timely request for such instruction has been made. Brooks v. Griffin, 10 Ga. App. 497 (5) (73 S. E. 752). Thus, where the material questions of fact are all in dispute, in that evidence has been submitted in support of the contentions made by each of the litigants, the charge of the court excepted to states a proposition of law which is correct within itself, and does not authorize the grant of a new trial because the court did not on its own motion give further instructions upon the burden of proof.
2. The testimony of the defendant on the stand, and the testimony of the plaintiff relative to an admission by the defendant at a time when the bill or order was presented to him, is such as can be taken to support the verdict to the extent of $150. Direction is therefore given that the sum of one dollar be written therefrom.

Judgment affirmed, until direction.

Stephens and Bell, JJ., concur.