77 So.2d 920

## Louis JACKSON

v.

## STATE.

8 Div. 591.

Court of Appeals of Alabama.

Feb. 8, 1955.

Russell W. Lynne, Decatur, for appellant.

John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant has been convicted of the offense of transporting five gallons or more of prohibited beverages.

In the trial below the appellant filed a plea of misnomer, asserting that his true name is William Louie Jackson, and not Louis Jackson as alleged in the indictment, and that he has never been known or called by the name of Louis Jackson.

The State joined issue on the plea, and the matter was submitted to a jury. Such procedure was proper. Whitaker v. State, 21 Ala.App. 114, 105 So. 433; Tucker v. State, 152 Ala. 1, 44 So. 587.

In the hearing upon the plea of misnomer the appellant's father testified that appellant's true name was William Louie Jackson, and that he had never been known as Louis Jackson.

The appellant testified that his name was William Louie Jackson, and that he has never been known as Louis Jackson, though on cross examination he stated he also was known as Louie Jackson.

The appellant introduced in evidence his social security card, and driver's license, in which he was designated as William Louie Jackson; a hunting license, and a fishing license, in which he was designated as Louie Jackson; a pay check in which he was designated as William L. Jackson; a decree in an automobile condemnation proceeding in which he was designated as Louie Jackson; and the appeal bond from the County Court of Morgan County in this proceeding, signed by appellant as Louie Jackson. However it should be noted

that in the face of the bond the appellant is designated as Louies (sic) Jackson and as Louis Jackson.

For the State Harold Abercrombie, deputy sheriff for Morgan County, testified he had known appellant since November 1953, and had always known him as Louis Jackson.

Mr. Abercrombie further testified that at the time the appellant was booked at the jail in this case he asked appellant if his name was Louis, and appellant replied in the affirmative.

Sheriff John McCutcheon, of Morgan County, testified he had known appellant for about two years, and appellant was known to him during this time as Louis Jackson. He has had business or legal transactions with the appellant prior to this case as Louis Jackson, and that is the only name he has known appellant under.

The jury returned a verdict finding against appellant's plea of misnomer.

It was thereupon adjudged by the court that trial be had upon the indictment, resulting in a verdict and judgment of guilty.

As to the trial itself, the case is before us on the record proper, which is in all respects regular and free from error.

While the evidence submitted on the hearing on the plea of misnomer is in conflict, such conflict merely presented a question of fact within the province of the jury to determine. Harper v. State, 1 Ala.App. 232, 55 So. 258; Daniel v. State, 149 Ala. 44, 43 So. 22. The tendency of the evidence offered by the State sufficiently supports the jury's finding and the judgment entered pursuant to such finding.

This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.

CARR, P. J., not sitting.