291 So.2d 167

**Harry FIBBS, alias**

**v.**

**STATE.**

**8 Div. 471.**

Court of Criminal Appeals of Alabama.

Feb. 12, 1974.

Joseph T. Conwell, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

BOWEN, W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, represented in the trial court by appointed counsel and here by different appointed counsel, appeals from a conviction on an indictment with two counts: (1) Possession of Heroin; (2) Sale of Heroin. The verdict was general. The trial court sentenced the appellant to the penitentiary for a period of fifteen years.

I.

■ Appellant contends that the indictment did not specifically advise him of the exact time and date he was accused of selling or possessing Heroin.

There was no demurrer or other challenge of the sufficiency of the indictment. In the absence of such demurrer or other lawful challenge followed by an act or ruling adverse to the appellant, there is nothing for this court to review as to such sufficiency. Handley v. State, 214 Ala. 172, 106 So. 692; Shepard v. State, 20 Ala.App. 627, 104 So. 674; Alabama Digest, Volume 7, Criminal Law, ⬗No. 1028.

II.

■■ Appellant next contends that his true name is Harold Allison, and at no time was he ever known as Harry Fibbs or Harry Allison. Evidence was admitted pertinent thereto. Such contention could have been presented by a verified plea of misnomer. A lawful plea in writing and under oath of the appellant does not appear in the record. Such plea must be filed before the plea to the merits. Title 15, § 279, Recompiled Code 1958; it must

be verified. Title 15, § 280, Recompiled Code 1958; the plea must be separately tried. Tucker v. State, 152 Ala. 1, 44 So. 587. Also Jackson v. State, 38 Ala.App. 119, 77 So.2d 920(1).

Appellant's contention, supra, was not lawfully before the trial court nor is it lawfully before this court. Shepard v. State, supra.

### III.

■ We think and so hold that the contraband, after its purchase, was lawfully relayed with proper sequence from the purchaser (the undercover officer) to the State Toxicologist, who appeared as a witness and produced the Heroin (except that used for testing). The evidence so shows that the trial court did not err in overruling appellant's objection to the evidence with respect to the Heroin.

### IV.

■ The appellant next contends that his civil rights were violated because of the racial composition of the jury venire.

It does not appear in the record that the racial composition was challenged. Such issue was not raised in the trial court, and there is no ruling with respect to such contention. There is nothing for this court to review. Handley v. State, supra; Shepard v. State, supra; Alabama Digest, Criminal Law, supra.

The judgment of the lower court is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.