## BROWN v. MASSEY.

1. To an original attachment, the defendant may plead in abatement, traversing the grounds of complaint relied on for the issuance of the attachment.

2. The act of 1814 concerning attachments relates only to attachments issued by and returnable before Justices, and not to attachments returnable to Courts.

3. To a plea, the plaintiff replied and issue was joined, at an after term, and while the issue was before a jury, but before their retirement, the Court allowed the plaintiff to withdraw his replication and to demur to the plea. Held, that the Court might exercise such discretion.

AN original attachment was issued by a Magistrate in Perry county on the 5th of February, 1827, against the goods and chattels of Isaac Brown on the complaint, made

on affidavit, of Oliver Massey, "that the aforesaid Isaac Brown is removing himself and property out of the county of Perry privately, so that the ordinary process of law cannot be served on him." The attachment was levied on a negro. At April term, 1827, the defendant moved to quash the proceedings for irregularity; the motion was overruled, and he then filed a plea in abatement, averring, "that he was not at the time of the issuance of the attachment, or at any other time before or since, removing himself and property privately from the county of Perry." The plaintiff filed to this plea a general replication. At the fall term 1827, the issue was submitted to a jury, who did not agree in a verdict; a mistrial was entered and the cause was continued. At May term 1828, the issue was again submitted to a jury, but before any evidence was introduced, the plaintiff asked and obtained from the Court leave to withdraw his replication, and to demur to the defendant's plea in abatement, and the Court sustained the demurrer. Leave was given to the defendant to plead over, and he then offered another plea in abatement for defects in the proceedings, and also submitted another motion to quash, which being overruled, and he declining to plead further, judgment was given for the plaintiff for the amount appearing due on the note of the defendant which he produced.

Brown here assigns for error: 1st. that the Circuit Court wrongfully overruled the motion to quash; 2nd. that the Court erred in permitting the defendant below to withdraw his replication and to demur to his plea, and 3rd. that the demurrer was wrongly sustained.

P. N. WILSON, for the appellant. The motion to quash should have been sustained. The affidavit states that the defendant is removing himself and property out of the county; this is insufficient. The statute of 1814,[a] requires that it should appear that the removal contemplated should be out of the State; so does the act of 1827.[b] The essential requisitions of the statutes are therefore not complied with, and it was not a proper case for an attachment. Again, the condition of the attachment bond is that the plaintiff and his security should be liable in case the plaintiff should fail in prosecuting his attachment to effect, whereas the statute requires the condition to be much broader, that he shall prosecute his attachment to effect and satisfy to the defendant all damages occasioned

JULY 1830.

Brown
v.
Massey.

a Laws of Ala. p. 18.

b Acts of 1827 p. 62.

Brown
v.
Massey.

by the wrongful or vexatious suing out of the attachment; so that however vexatious the attachment might be if the plaintiff can only succeed, he is protected. The affidavit and bond were therefore entirely defective and the proceedings should have been quashed.

*a* 1. Mason's Rep. 515·
*b* 9. Cranch 339.
*c* 1. Chitty's Pl. 631.

To sustain the second assignment of errors, we rely on the cases of *Hughes v. Blake* ,[a] and of *Otis v. Watkins.* [b] They settle the doctrine, that if a party chooses to waive his legal rights, and take issue on an improper plea, the Court will not aid him after he has submitted his case to a jury. There is a distinction between an immaterial and an informal issue.[c] Where issue is taken on a plea which does not go to defeat the action, the Court will award a repleader; but if the plea be simply defective in the manner of pleading, and presents facts, which if proved would go to defeat the action, then the Court will not grant a repleader. Here the facts stated in the plea shewed that the plaintiff had no right to the action he had brought, and by replying, he waived all objections to the law of the plea, and relied on the facts. He is bound by that election.

*d* 2. Henn. & Munf. 308.

The question presented by the third assignment, whether the plea in abatement was good, has never been decided in this Court. In Virginia, such a plea is esteemed a good one.[d] It is a clear principle, that whenever a statutory remedy is pursued, a party must bring himself strictly within it. The extraordinary and severe remedy by attachment was intended to be given only in cases where a party is in fact absconding, removing or secreting himself and property. If the fact does not exist, the plaintiff has no right to that action, and it is a fraud for him to attempt to use it; therefore the defendant should be allowed to shew that such is the case, and it is a sufficient defence. A party must not only have a good cause of action, but he must proceed in a lawful form of action to recover it, else his action is liable to be defeated. This bears a very strong analogy to the cases where a citizen of this State is sued out of the county of his residence and freehold, which is prohibited by statute; and it is every days practice in those cases to plead in abatement, the residence and freehold where a party is sued in a wrong county. The cases are precisely analogous, and stand upon precisely the same principle. The same rules should be applied, and an uniformity of practice should be adopted in all similar cases.

If our first and third assignments of error are overrul-
ed, this singular state of things may occur; that is, a plain-
tiff may in any case whatever seize the property of a par-
ty, where there is no pretence whatever that he is about
to remove or abscond, in open and bold defiance of the
statute; for, if the defendant cannot plead in abatement,
the falsity of the allegation that he was absconding, and
cannot quash the proceedings on account of the objections
we have stated, the plaintiff must prevail in his action;
and if he does so, he is by the very terms of his bond
relieved from all liability on that obligation, for he has
prosecuted his attachment to effect. So the defendant
would have been unlawfully proceeded against, but would
have no possible remedy to prevent it or obtain redress.

AIKIN and STEWART, for the defendant in error. Our
proceedings were under the statute of 1807, and the affi-
davit and bond are strictly in accordance with that statute.
The appellants endeavord to subject us to the requisitions
of the statute of 1814, which relates solely to attachments
returnable before Justices of the Peace, which has nothing
to do with this case. The motion to quash was therefore
properly overruled.

There was no error in permitting the plaintiff to with-
draw his replication and to demur. The Judge who tried
the cause below, was of opinion, when the matter of the
plea was disclosed to him, that it constituted no defence to
the action; of course he was bound under his opinion of
the law, to have given judgment for the plaintiff, even
though the jury should have found the plea true. The is-
sue then certainly was immaterial, and it was unnecessary
to try it; it would have been an idle consumption of time.
It is perfectly competent for the Court to exercise its dis-
cretion in relation to the issue, and to allow it to be framed
so as to meet the views of the Court as to the law.[a]   The
matter of law had never been before presented to the Court;
no previous decision in the cause was disturbed or altered;
therefore the question was still open for adjudication. This
Court has decided, that an amendment may be made in
the pleadings after a mistrial or a new trial;[b] and the deci-
sion of that principle is conclusive of this question, for if
an amendment may be made, an entirely new issue can
thereby be presented. The authorities cited to shew that
we were precluded by replying to the plea, we think can-
not be recognised as sound to establish that principle; they

JULY 1830.

Brown
v.
Massey.

[a] Robert's on
Fraudulent
Conveyan-
ces, 642.

[b] 1 Stewart.

cannot be reconciled with the decision of this Court cited by us; if they could be considered as going the extent contended for. If indeed they could be so considered, they would establish a very arbitrary and dangerous doctrine. But in point of fact, there was no issue joind, for the defendant had filed no *similiter*, so our replication was still unanswered, and therefore could be withdrawn.

As to the plea, we conceive it was bad, and contained no matter of defence. For all the purpose of the action, the affidavit must be considered as true, for when the attachment has compelled the party to appear in Court and answer the demand, it has performed its function; it is then *functus officio.* The fact is not traversable in this action; the parties have nothing more to do than to try the merits of the cause of action. The statute did not contemplate this remedy for the improper use of the process of attachment; it has provided another remedy and other safeguards deemed adequate to prevent an oppressive use of it. The party must swear that the affidavit is not sued out for an improper motive, and must give bond and security. The remedy is on the bond. The law giving one remedy by implication, that is the one intended, and others cease. An affidavit for bail is conclusive, and cannot be traversed; the remedy for an improper use of it is by an action. The facts sworn by the party are conclusive to arrest and detain the body of the defendant in the one instance, and his goods in the other, to compel him to appear and answer. In North Carolina, it has been determined that such a plea is bad, and that the remedy is on the bond.[a] Such a plea does not come within the proper principles of a plea in abatement; they are always considered with great rigor and strictness, because they are merely dilatory, and do not dispose of the merits of the controversy between the parties. A plea in abatement must always allege some new fact in the record, to impair a right set up on the other side; but here is only a traverse of the plaintiff's allegation. Besides, a sufficient objection to it is, that it alleges a negative, which cannot be proved, and therefore throws the burden of the proof on the plaintiff. This is not the office of a plea in abatement. The plea in itself is not good, strictly speaking; it alleges that the defendant was not removing "himself and his property;" it requires the plaintiff to prove too much affirmative matter to overcome it. He might be removing himself "or" his property, and in either cause he would be liable to attachment, and still

*a* 1 Haywood, 365.

under his broad negative plea, he would escape his real lia-  
bility, unless the plaintiff proved he was removing both
himself and his property.   Such pleas as this have been    Brown ,
generally considered bad in our Courts, and we believe    v.
the doctrine to be correct, that the truth of the affidavit —— Massey.
for an attachment cannot be traversed.

GORDON, in conclusion.   In proceedings by attachment,
the Courts act under statutory authority, and their juris-
diction is limited to such particular cases as are within the
attachment law.   It is a question of jurisdiction, precisely
similar to the jurisdiction of the Federal Courts, which is
limited by statutes, and whenever it is shewn to a Court
that it has no jurisdiction, no matter in what way or when
it appears, it will dismiss the cause; and the proper way
to shew a want of jurisdiction, is by plea.   The argument
of the appellee assumes too much; under their view, it is
immaterial whether a party absconds or not, if the plaintiff
will only swear that he has, it is, they say, all sufficient.
The Courts are extremely rigid in cases of attachment, in
scrutinising the record, and in quashing for every defect,
wherein the plaintiff has not brought his case within the
Statute.   Why this strictness in the proceedings, and yet
an utter disregard of the real facts out of the record.   The
real liability or not to the process of attachment, is the
main thing to be investigated, and that rests upon the truth
of the facts alleged.   Then they should be suffered to be
investigated.   It would be exceedingly rigorous to exclude
the truth, and give a remedy upon a false assertion.   The
authority of the decision in Virginia is better than that of
North Carolina, it is more reasonable and just.   It is sup-
ported by the decisions of South Carolina.*a*   In relation   *a* Nott & Mc
to the attachment laws, we have heretofore followed the   cord, 323.
decisions of Virginia; *Woods v. Shirley* was ruled on the
authority of a case decided there; we have in a great mea-
sure already adopted the same constructions as they have,
and we believe their decisions to be the best authority on
the subject.

By JUDGE CRENSHAW*.   On consideration, we
are satisfied that the act of 1814, is for the government of
Justices issuing attachments returnable and triable before
themselves, and that the proceedings in the present at-
tachment were had under the act of 1807; the affidavit

---

\* NOTE.   This cause was argued at a previous term, and re-argued at
the present term.

and condition of the bond are in pursuance of the requisitions of the last mentioned act. We are therefore of opinion that the Court below did not err in refusing to quash the proceedings.

At any time before the jury had retired with the case, it was competent for the Court in its discretion to permit the plaintiff to withdraw his replication, and to demur to the plea. There was therefore no error committed by the Court below in allowing this to be done.

But the main question to be settled is, was the plea good in abatement, and should not judgment on demurrer have been for the defendant? The affirmative of this proposition is certainly true. In the case of *Mantz v. Hendly*,[a] it is said that a plea in abatement shews cause to the Court why the defendant should not be impleaded, or if impleaded, not in the present manner and form. It was also held in the same case, that though the writ ought to be quashed on motion, for defects apparent on the face of the proceedings, yet they were pleadable in abatement. But if the abatable matter did not appear on the face of the proceedings, as in this case, it should be presented by a plea in abatement. It was further determined, that a plea denying that the defendant was removing, &c., if sufficiently pleaded, would be a good plea in abatement to quash the writ of attachment. This is precisely the case now under consideration, and from authority as well as on principle, the matter was well pleaded and judgment on demurrer should have been for the defendant. It will be readily seen, that the decision in the case of *Mantz v. Hendly* is in conflict with the decision in the case of Oneal *vs.* Owens, reported in 1st Haywood.[b] But as far as authority ought to govern, it is believed that the legal reputation of such men as Tucker, Roane and Fleming who then presided in the Supreme Court of Virginia, is entitled to more credit than that of the Judges who presided in the Courts of North Carolina when the case was there decided. We are inclined to follow the Virginia decision, because we think it well supported by law, reason and justice.

A majority of us are therefore of opinion, that on this ground alone, the judgment must be reversed, and the cause remanded.

Judges LIPSCOMB and WHITE, dissenting.

Judge TAYLOR, not sitting.

*Margin notes:*
JULY 1830.
Brown
v.
Massey.

a 2. Henn. & Munf. 312.

b Page 365.