## KIRKSEY v. JONES.

1. Under the attachment law an action on the case may be sustained either for wrongfully or vexatiously suing out an attachment; and the existence of malice is important only in connection with the amount of damages.

2. Where an attachment is wrongfully sued out, the defendant, whose goods are attached, may recover the damages actually sustained by reason of the levy; and if the process is vexatious as well as wrongful, he may recover as in an action for a malicious prosecution.

3. An averment that the attachment was sued out without any reasonable or probable cause, and for the purpose of vexing or harassing the party, is equivalent to the assertion that it was wrongfully and vexatiously sued out.

4. There is no distinction, as to the time when, a suit may be instituted for the abuse of the process between original and ancillary attachments.

5. An attorney at law intrusted with a note for collection by suit, is authorized to sue out the process of attachment; and his client is liable for the actual damage sustained, if the process is wrongfully sued out, although he may have instructed his attorney to use proper means only.

6. The client is only liable to the same extent, if the attorney acts maliciously as well as wrongfully.

7. It is a full defence to an action for wrongfully and vexatiously suing out process of attachment if any one of the causes which warrant that process actually existed, when it was sued out, although another and different cause is set out in the affidavit.

8. When the charge excepted to is affirmative, and given by the Court of its own motion, or at the instance of the other party, it is unnecessary to set out the evidence on which the charge is founded.

Error to the Circuit Court of Talladega.

ACTION on the case by Jones against Kirksey, for suing out an attachment, ancillary to a suit previously commenced, without any reasonable or probable cause, but for the purpose of vexing and harassing the plaintiff. There is no express averment in the declaration, that the attachment was wrongfully, vexatiously, or maliciously sued out. The defendant demurred. The demurrer was overruled.

At the trial, upon the issue of not guilty, it was shown that an ancillary attachment was issued at the suit of Kirksey, upon an affidavit made by one McAfee as his attorney, that Jones was about to dispose of his property fraudulently, with intent to avoid the payment of the debt sued for. There was also proof conducing to show, that before the attachment was sued out, the defendant put the note, on which the suit and attachment was founded, in the hands of McAfee, an attorney, for collection, and then instructed him to watch, and to take all proper means for its collection; and that the attachment was sued out, after commencement of an ordinary suit, and ancillary thereto, without the knowledge of the defendant. There was evidence conducing to prove, that after the suing out of the attachment, the defendant had information, that it was sued out by his attorney, and ratified what had been done.

The defendant moved the Court to instruct the jury, that if the defendant put the note in the hands of the attorney for collection, and instructed him to watch, and take all proper means for its collection, and that the attorney afterwards sued out the attachment, without the knowledge of the defendant, then the jury should find for the defendant. This was refused, and the Court charged, that to sustain the action, it was necessary to show, that the attachment was sued out without probable ground, and with malice; that if, after the attachment was sued out, the defendant ratified the act of his attorney in suing it out, knowing, or believing that it had been sued out without probable cause, and with malice, then the jury should find for the plaintiff. This charge was not objected to, but the Court also instructed the jury, that if they believed the defendant had probable ground to suppose, at the time when the attachment was sued out, that the plaintiff was about to remove his property out of the State, with intent to avoid the payment of the debt upon which the attachment was founded, that did not warrant the suing out the attachment on the ground stated in the affidavit; but that it might be considered by the jury in mitigation of damages.

The defendant excepted to the refusal to give the charge requested, and also to the one last stated, as given to the jury.

The overruling the demurrer and the matters of the exception are now assigned as error.

S. F. RICE, for the plaintiff in error, made the following points:

1. The declaration is bad—1. Because it is not shown that the attachment suit was ended and determined. The statute which permits suits of this kind is confined to *original* attachments. [Clay's Dig. 61, § 32, 34.] 2. Because there is no averment, that the attachment was maliciously, or wrongfully sued out. The words, for the purpose of vexing, or harassing do not necessarily import, either wrong or malice; and the one or the other is essential. [2 Starkie Ev. 911, n. 2, 923, n. a.; 2 Southard, 330.] Whether an attachment is wrongful, is a conclusion of law from facts. [6 Ala. Rep. 169.]

2. The charge asked for should have been given, as the legal proposition which it asserts, cannot be denied. If it was

proper to explain it, to make the case turn upon the subsequent ratification of the act, this was no reason to refuse the charge, because the jury might doubt, or entirely reject the evidence of ratification. [2 Starkie Ev. 923, note d.; Sommer v. Watt, 4 S. & R. 19; Maynard v. Johnson, 4 Ala. Rep. 116.] Besides this, the refusal of the charge assumes the credibility of the evidence of ratification, which in itself is error. [Huff v. Cox, 6 Ala. Rep. 316; 3 Porter, 64.] Again, a *tort* is not capable of ratification.

3. The charge last given by the Court is liable to two objections: 1. It assumes, that if an attachment is sued out, and only one ground is stated in the affidavit, the party must be liable to an action if that ground cannot be sustained, though it may be shown that all the other statutory causes for suing it out then existed. [1 Stewart, 425.] 2. But the principal ground of exception is, that the charge excluded the consideration of the fact, that Jones was about to dispose of his property fraudulently, with intent to avoid the payment of the debt sued for; as the removal of his property after suit commenced with intent to avoid the payment, is a *fraudulent* disposition of his property. The removal of property out of the State, even with an honest intent, is good ground for an ancillary attachment, and such a removal with intent to avoid the payment of a debt sued for, is embraced in the ground given by statute, as about to dispose of his property fraudulently, with intent, &c. [Ware v. Todd, 1 Ala. Rep. 199.]

L. E. Parsons, Wm. P. Chilton and B. F. Porter, contra, argued—

1. The demurrer was properly sustained, as the right of action depends not upon any malicious motive, but upon the want of probable cause. In case for malicious prosecution malice will be inferred from the want of probable cause. [Starkie on Ev. 912.] The averment of malice is not essential in this action. [Wilson v. Outlaw, Minor, 367; Clay's Dig, 61, § 32; 1 B. & P. 205; 1 Peter's, 210.] It is the *result*, and not the *motive*, which here gives the right of action.

2. The process of attachment as ancillary to a suit formerly commenced, cannot differ in principle from original process; and although the statute speaks only of the latter, it arises out

of the subject matter, that the same rules should be applied to both classes of suits.

3. The act of the attorney was within the scope of his authority, and therefore, the principal is liable for his acts; but here the case shows a subsequent ratification, in addition to the original authority.

4. The charge given is correct, when it assumes, that the existence of one ground for suing out the attachment, was no excuse for assuming one that did not exist. [Johnson v. Hale, 3 S. & P. 331.] But this charge, for any thing stated, is entirely abstract, and therefore if erroneous, the judgment ought not to be reversed, as no injury is shown. [Castles v. McMath, 1 Ala. Rep. 326; Holmes v. Gayle, Ib. 517; Stone v. Stone, Ib. 582.]

GOLDTHWAITE, J.—1. If there was no indication of the legislative will, that this action should be governed by rules different from those which obtain in suits for malicious prosecutions, the strong analogy there is between the two would probably induce the same conclusions; but when the remedy by process of attachment was first given in this State, the plaintiff, as a prerequisite to the process, was directed to give bond with security, conditioned to be forfeit if the attachment was wrongfully, or vexatiously sued out; thus indicating, that the mere wrongful recourse to this process was a sufficient cause of action. This was the conclusion arrived at, at a very early day, in this Court. [Wilson v. Outlaw, Minor, 367.] The fifth section of the act of 1837, passed since that decision, expressly provides, that when any original attachment shall have been wrongfully, or vexatiously sued out, the defendant therein may, at any time, commence suit against the plaintiff, and recover any damages which he may have sustained; or to which he may be entitled, on account thereof, whether the suit be ended or not. [Clay's Dig. 61, § 32.] In actions for a malicious prosecution, malice is an essential matter, in the absence of which the action cannot be maintained, but in a suit of the kind we are now considering, it is only important, in connection with the question of damages.

2. It will be seen that a distinction seems to be hinted at, when the statute speaks of damages which the defendant in

the attachment may have sustained, as distinguishable from those to which he may be entitled, on account of the wrongful, or vexatious suing out of this process. Whenever an attachment is wrongfully sued out, and damage is thereby caused to the defendant in the suit, he is entitled to recover for the actual injury sustained by force of the statutory provision. And if, in addition to its being wrongfully sued out, it is also vexatiously, or in other terms, maliciously sued, then the defendant, upon the principle which governs the correlative action for a malicious prosecution, may recover damages as a compensation for the vexatious or malicious act; or in the terms of the statute, such damages as he may be entitled to on account of the vexatious suit.

3. In the present suit the allegation is, that the attachment was sued out without any reasonable or probable cause, and for the purpose of vexing and harassing the plaintiff. This we consider as substantially asserting, that the act was done wrongfully and vexatiously, for we cannot perceive how one can, without any reasonable cause, purposely vex and harass another, and yet escape the imputation of acting maliciously. We have already shown that the declaration would be good, so far as to warrant the recovery for the damages actually sustained, if it was only alledged that the attachment was wrongfully sued out, but as with the averments it contains, damages in the same nature as those given in suits for a malicious prosecution might be given, if warranted by proper evidence.

4. We consider there is no substantial distinction, whether the attachment sued out is original or ancillary, notwithstanding the statute speaks of those which are original only. The reason of the peculiar wording of the statute most probably grew out of the fact, that the act of 1837, is a mere compilation of former statutes on the subject of attachments, and the section referred to, was introduced to avoid the abatement of the attachment suit, by a plea, that the cause for issuing did not exist, as was held by this Court, in Brown v. Massey, 3 Stewart, 226. Precisely the same bond is required to be given in both cases, and there is no reason which will warrant a suit for wrongfully suing out the process as original, which does not apply where it is ancillary to a suit already commenced·

5. There can, we think, be no serious question, that the general authority given to an attorney at law, is sufficient to warrant him in suing out an attachment, whenever the facts exist, which will warrant it. It is said, that a letter of attorney to sue for, receive, and recover a debt, authorizes the attorney to arrest the debtor. [Paley on Agency, 160.] If this is true of a mere private person, the rule applies with equal force to one who is authorized by law as an attorney. The general rule is, that an authority is to be construed as to include all the necessary, or usual means of executing it with effect. [Howard v. Bailie, 2 H. B. 681.] It is even questionable, whether the general authority implied by the committing of business to an attorney at law, can be limited by special directions to act only in a particular manner, or upon the happening of a particular event; as such directions could not be known to those upon whom the general authority would act, or if known, the other party has no means to control the action of the attorney. An illustration of this rule would be shown, if a debtor was to apply for his discharge from arrest, on the ground, that it was made contrary to the instructions of the principal. Upon grounds of public policy, the act of an attorney at law is generally considered as the act of the client, if done within the general scope of the business of an attorney, though in point of fact, no authority has ever been given; and the exception is, only, where the attorney is unable to respond in damages for his unauthorized assumption of authority. So, too, this class of agents seem to have an exemption from liability which is peculiar. Thus, if one sue for a debt which he knows to be released, no action will lie against him, although he was a witness to the release. [Paley on Agency, 317.] These citations are sufficient to show, that the authority to sue out an attachment, is within the scope of the power of an attorney, and therefore, the principal is necessarily answerable in damages for the abuse of it. This conclusion shows, that the refusal of the Circuit Court to give the charge requested, was free from error, as that assumes, that the defendant was not liable, if the attorney had gone beyond his instructions.

6. Although the client is thus chargeable, even where the attorney goes beyond his instructions, when the unlawful act is

Kirksey v. Jones.

within the scope of his general powers, it does not follow, that he is liable in any way for the maliciousness, with which he may have been pursued by the attorney. So far as malice entered into to the wrongful suing out of this attachment, we think it very clear, that the client cannot be charged on account of this feeling in the attorney. It is a rule of universal application, that the principal is not answerable *criminaliter* for the act of his agent. [Horn v. Nichols, 1 Salk. 289.] And whenever damages are increased in consequence of malice entering into the act unlawfully done, this increase is, by way of punishment of the offender, as well as compensation to the injured party for his wounded feelings.

7. In the charge last given to the jury, we think the Circuit Court mistook the law. The question between the parties is, whether the attachment was wrongfully, or vexatiously sued out, and it seems to us a complete defence to the action, if the defendant, is able to show that any one of the causes existed which would warrant him in resorting to this process. The question is, not whether the precise ground stated in the affidavit is true, for it is obvious that the plaintiff has sustained no legal damage by the writ, if it was proper to be issued by changing the terms of the affidavit. The decision in Johnson v. Hale, 3 S. &. P. 331, that the affidavit cannot be made in the alternative, so far from showing that proof of this description, is no defence to the action, seems to us to indicate a different rule, when the defendant in the attachment cause complains of injury.

This conclusion renders it unnecessary to consider, whether the removal of the property of a debtor out of the State with intent to avoid the payment of the debt sued, is a fraudulent disposition of them within the meaning of the attachment law.

8. It is supposed however, that this charge is abstract, because the evidence is not stated from which alone it would be proper. We do not think this a just application of the rule, for here the charge is affirmative, and either given by the Court of its own motion, or, at the instance of the other party, and thus within the rule settled in Peden v. Moore, 1 S. & P. 71.

For the error we have just ascertained, the judgment of the Circuit Court is reversed, and the cause remanded.