# WARFIELD *vs.* CAMPBELL.

[ACTION ON CASE FOR MALICIOUS ARREST AND IMPRISONMENT ]

1. *When action lies against agent.*—An action on the case lies against an agent or attorney, who, through malice, illegally sues out a *ca. sa.* in the name of his principal.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by David L. Campbell, against Hazael Warfield, to recover damages for the plaintiff's arrest and imprisonment under a writ of *capias ad satisfaciendum*, alleged to have been sued out by the defendant maliciously and without probable cause, on a judgment in favor of Mary J. Witherspoon against said plaintiff. The only plea was the general issue. The court charged the jury, "that to sustain the action, it must appear that the plaintiff was arrested by the act and procurement of the defendant, and that such arrest was illegal, and procured by motives of malice, and that there was no probable cause for such arrest ; that both these grounds must concur, and the jury must be satisfied from the evidence before them that there was malice, as well as illegality and want of probable cause ; that malice might be inferred from the want of probable cause, but that malice, either in law or in fact, must exist, in order to make the defendant liable ; that they must determine from the facts and circumstances in evidence before them, and if they found that there was an arrest procured by the defendant, that it was unlawful, and procured with malice, and without probable cause, then the defendant would be liable in this action." This charge, to which the defendant excepted, is the only matter assigned as error.

WATTS, JUDGE & JACKSON, for appellant.
GEO. N. STEWART, *contra.*

A. J. WALKER, C. J.— An action on the case will lie, to recover damages for the malicious and illegal suing out of the process of the courts.— McKellar v. Couch, at the last term. The liability to such action extends to the attorney or agent who sues out such process through malice.— Wood v. Weir & Sayre, 5 B. Monroe, 546; Drake on Attachment, § 727; Kirksey v. Jones, 7 Ala. 622. These principles are conclusive to show that there was no error in the charge of the court prejudicial to the appellant.

Judgment affirmed.