# Wilson, *et al. v.* Callan.

## *Attachment.*

(Decided June 21, 1913. Rehearing denied July 8, 1913.
63 South. 27.)

1. *Attachment; Issuance; Plea in Abatement.*—The omission from section 2966, Code 1907, of the provision "the defendant must not deny or put in issue the cause for which the attachment issued" revives the law existing prior to the enactment of section 565, Code 1896, that matter in abatement of attachment proceedings, not appearing on the face of the proceedings, must be presented by plea in abatement.

2. *Same; Time to Plead.*—A plea in abatement questioning the existence of the ground on which an attachment was sued out, not filed for more than a year after defendant had replevied the property was not filed in time under rule 12, circuit court practice, and section 5347, Code 1907, and the court could properly refuse to consider it.

3. *Appeal and Error; Review; Discretion of Court.*—Even if it be within the powers of the court to receive a plea in abatement not filed within the prescribed time, its reception was a matter of discretion, and not reviewable unless abused.

4. *Same.*—It being the proper practice to present matters in abatement of the attachment by a plea in abatement, the consideration of a motion to show cause why an attachment should not be vacated was within the discretion of the trial court, and its acts in overruling it are not subject to review.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Attachment suit by A. J. Callan against W. C. Wilson and others to enforce a lien for rent and advances. From a judgment for plaintiff, defendants appeal. Affirmed.

The writ was levied on the 12th day of October, 1911, upon certain property, and notice given the same day. On the 17th day of October, 1911, a replevy bond was executed by defendant. Complaint was filed November 5, 1911, and on November 6, 1911, the defendants filed a motion to show cause why the attachment should not be dissolved, which was stricken on motion of the plaintiff. On the 11th day of March, 1913, defendants filed pleas in abatement to the attachment, which, on the 12th of March, were stricken, on motion of plaintiff.

McCORD & DAVIS, for appellant. The question presented is the proper rule for raising the question as to the existence of the ground for the issuance of an attachment in Alabama, since the change in the rule by the adoption of sec. 2966, Code 1907. A defendant may raise issues regarding the validity of the attachment without touching upon the merits of the claim, either as to defects in the proceedings, or the falsity of the matter alleged in the affidavit.—4 Cyc. 772, 800, note 3; *Johnson v. Stockman*, 89 Md. 368. A motion to quash or vacate seems the proper remedy.—*DeBardelaben v. Crosby*, 55 Ala. 364; *Ellison v. Mount*, 12 Ala. 472.

DORTCH, MARTIN & ALLEN, and M. C. SIVLEY, for appellee. Having paid off the attachment debt during the progress of the attachment suit, the questions became moot, and this court will not stop to consider the question of costs.—41 South. 407; 39 South. 214. Under the facts in this case, the motion to show cause is without

application.—*Harmon v. Jenks*, 84 Ala. 74. The right to dissolve an attachment is a preliminary right which must be exercised at the threshold of the cause.—Drake on Attachments, sec. 397, et seq. Such motions and pleas should be filed as required by the rules.—Rule 12, Cir. Ct. Pr.; 105 Ala. 548.

WALKER, P. J.—Section 2966 of the Code omits the provision which was contained in the corresponding section of the Code of 1896 (Code of 1896, § 565) that "the defendant must not deny or put in issue the cause for which the attachment issued." The substance of the omitted provision had formed a part of the statute law of the state since 1837.—Clay's Digest, p. 61, § 32; Acts of Ala. 1837, p. 62, § 5. Prior to its enactment it had been decided that a question as to the existence of the ground upon which an attachment had been sued out was one properly raised by a plea in abatement, the court saying: "But if the abatable matter did not appear on the face of the proceedings, as in this case, it should be presented by a plea in abatement."—*Brown v. Massey*, 3 Stew. 226.. In reference to the provision above quoted it was said in the opinion rendered in the case of *Kirksey v. Jones*, 7 Ala. 622: "The section referred to was introduced to avoid the abatement of the attachment suit, by a plea that the cause for issuing did not exist, as was held by this court in *Brown v. Massey*, 3 Stew. 226." In this situation it is apparent that a result of the omission from the present statute of the provision referred to is to revive the rule announced in the opinion in the case of *Brown v. Massey* as to the method to be pursued by a defendant in attachment, in raising a question as to the existence of the ground upon which it was sued out.

In the present case the defendants did not, until more than a year after they had replevied the property levied on under the writ of attachment, undertake, in the manner held in *Brown v. Massey* to be the proper one, namely, by plea in abatement, to raise the question of the existence of the ground on which the attachment had been sued out. It is plain that this plea was not filed within the proper time.—Code, § 5347; Id. p. 1520, rule 12; *Peebles v. Weir*, 60 Ala. 413.

If it be conceded that the court might have permitted the plea to be entertained yet unquestionably it was within its discretion to refuse to do so on the ground that it had not been filed at the proper time.—*Hawkins v. Armour Packing Co.*, 105 Ala. 545, 17 South. 16. It follows that reversible error was not committed by the court in striking the plea in abatement.

The action of the court in striking the motion, previously made by the defendants to require the plaintiff to show cause why the attachment should not be dissolved, is not subject to review on appeal. If it was permissible for the court to take cognizance of the objection when presented in that mode, it was its right to refuse to do so, and such an exercise of its discretion is not revisable on appeal.—*Ellison et al. v. Mounts*, 12 Ala. 472; *DeBardeleben v. Crosby*, 53 Ala. 364.

The appellants are not entitled to a reversal of the judgment because of either of the rulings which are complained of.

Affirmed.