(104 So. 817)

## MELVIN v. SCOWLEY.  (2 Div. 867.)

(Supreme Court of Alabama.   May 28, 1925. Rehearing Denied June 25, 1925.)

1. **Abatement and revival** ☞81—**Time for filing plea in abatement is discretionary with court.**

Time for filing plea in abatement is discretionary with court.

2. **Attorney and client** ☞88—**Attorneys appearing specially not authorized to take any action relating to merits of case, where not appearing theretofore generally.**

In attachment by one nonresident against another, defendant's attorneys, who had not theretofore appeared generally, and who appeared specially to move for dissolution of attachment, were not authorized to take any action relating to merits of the case.

3. **Attachment** ☞254—**Motion to dissolve attachment because plaintiff's allegation of fact was untrue held properly presented by plea in abatement.**

In attachment by one nonresident against another, under Code 1907, § 2930 (Code 1923, § 6178), with notice to defendant as provided in Code 1907, § 2931, motion to dissolve attachment because plaintiff's allegation of fact that defendant had not sufficient property within state of his residence to satisfy the debt was untrue was properly presented by plea in abatement, in view of Code 1907, §§ 2963, 2964, 2966 (Code 1923, §§ 6212, 6214).

4. **Attachment** ☞1—**Plaintiff's right to writ is dependent upon actual existence of facts for which writ issues.**

Plaintiff's right in attachment to issue of writ is dependent upon actual existence of facts for which attachment writ issues.

5. **Continuance** ☞22—**Discretion in denying continuance in attachment suit held not abused, where facts on which writ was issued were stated on information and belief.**

In attachment by one nonresident against another, under Code 1907, § 2930 (Code 1923, § 6178), court held not to have abused its discretion in refusing a continuance on ground that defendant had not answered interrogatories within time provided by law, where plaintiff's affidavit that defendant did not have, in state of his residence, sufficient property to satisfy the debt, was made on information and belief.

---

**6. Discovery ☞70—Court having exercised discretion to compel defendant appearing specially to answer interrogatories was without authority to impose penalties provided by statute.**

In attachment by one nonresident against another, under Code 1907, § 2930 (Code 1923 § 6178), with special appearance by defendant to dissolve attachment suit, court having compelled defendant to answer an interrogatory relevant to issue was without authority to inflict penalties provided in Code 1907, § 4055.

**7. Evidence ☞158(3)—Admission of testimony that defendant owned property held not erroneous, as against objection that title deeds were his best evidence.**

In attachment by one nonresident against another, under Code 1907, § 2930 (Code 1923, § 6178), admission of testimony that defendant owned property in state of his resi- dence *held* not erroneous, as against objection that title deeds were his best evidence, where proceeding did not involve title.

**8. Attachment ☞47(1)—Defendant's testimony in attachment that he owned property was synonymous with possession thereof; "own," "possess."**

In attachment by one nonresident against another, defendant's testimony that he owned property in state of his residence meant that he was in possession thereof; "own" being synonymous with "possess."

[Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, Own (Verb); Possess.]

**9. Attachment ☞72 — Court without jurisdiction where ground on which writ was issued was ascertained to be false.**

In attachment by one nonresident against another under Code 1907, § 2930 (Code 1923, § 6178), on ground that defendant was without sufficient property to satisfy debt in state of his residence, court was without jurisdiction of defendant on whom personal service had not been had, and who appeared specially, to dissolve writ, where ground on which writ was issued was ascertained to be false.

**10. Appeal and error ☞194(1)—Defect in plea of abatement no ground for complaint, where not challenged by demurrer.**

If plea in abatement in attachment proceedings was defective, it was no ground for complaint, where not challenged by demurrer.

Appeal from Circuit Court, Greene County; Fleetwood Rice, Judge.

Attachment suit by N. R. Melvin against Andrew A. Scowley. Judgment for defendant, and plaintiff appeals. Affirmed.

R. B. Evins, of Birmingham, and J. F. Aldridge and E. F. Hildreth, both of Eutaw, for appellant.

The trial court erred in refusing to require defendant to answer all interrogatories propounded to him. Code 1907, § 4257; L. & N. v. Hall, 91 Ala. 112, 8 So. 371, 24 Am. St.

Rep. 863. It was an abuse of discretion of the trial court to refuse to continue the case. Alston v. Graves, 6 Ala. 174. Motion to dissolve was not the proper method to raise the issue of the sufficiency of the ground of attachment. Wilson v. Callan, 9 Ala. App. 265, 63 So. 27; De Jarnette v. Dreyfus, 166 Ala. 138, 51 So. 932. The question of title should have been proved by the highest evidence. 12 Ency. of Evi. 543; Ricketts v. Birmingham Sou., 85 Ala. 600, 5 So. 353; Hussey v. Roquemore, 27 Ala. 281.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

Motion for a rule to show cause why the attachment should not be dissolved is the proper remedy to test whether or not the attachment was authorized in the particular action. Drakford v. Turk, 75 Ala. 339; Adair v. Stone, 81 Ala. 113, 1 So. 768; Harmon v. Jenks, 84 Ala. 74, 4 So. 260; Mann Lbr. Co. v. Bailey Iron Wks., 156 Ala. 598, 47 So. 325; Brown v. Coats, 56 Ala. 439; Jordan v. Hazard, 10 Ala. 221; 2 R. C. L. 874; 123 Am. St. Rep. 1031, note 2. The motion to strike the plea in abatement was properly overruled. The sufficiency of the plea should have been tested by demurrer, and not by motion to strike. Sou. Ry. v. Slade, 192 Ala. 568, 68 So. 867; Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 482, 78 So. 386; Code 1923, § 9456. There was no abuse of discretion in denying the motions for judgment by default and for a continuance. The court required the defendant to answer, in open court, the interrogatory pertinent to the issues raised on the motion to dissolve and the plea in abatement. Russell v. Bush, 196 Ala. 317, 71 So. 397; City of Bessemer v. Sou. Ry. Co., 157 Ala. 428, 48 So. 103; Culver v. Ala. Midland Ry., 108 Ala. 330, 18 So. 827; Ex parte McLendon, 33 Ala. 276. The title to defendant's property was not in issue and there was no proof of claim of ownership by any other person. Hence it was not necessary that he introduce his muniments of title. A. G. S. v. Johnston, 128 Ala. 283, 29 So. 771; Sloss v. Morgan, 181 Ala. 587, 61 So. 283; Sou. Ry. v. Slade, supra. When the defendant in attachment puts in issue the ground of attachment, as was done by the motion to dissolve, the burden of proofs falls upon the plaintiff to prove the truth of his affidavit. 4 Cyc. 796; Givens v. Tidmore, 8 Ala. 745; Freeman v. Blount, 172 Ala. 655, 55 So. 293.

THOMAS, J. This action was begun by original attachment issued out of the circuit court. The plaintiff (appellant) in attachment and the defendant (appellee) were residents of the state of Illinois. The ground of attachment, as alleged in the affidavit, was that upon which one nonresident is permitted, under the laws of Alabama, to sue out an attachment against another nonresi-

dent. Code 1907, § 2930; Code 1923, § 6178. Plaintiff alleged in his affidavit that, according to the best of his knowledge, information, and belief, the defendant "has not sufficient property within the state of his residence wherefrom to satisfy the said debt" alleged to be due. The writ was levied on lands of the defendant in the county where the attachment was sued out, and notice thereof was given by publication as provided by section 2931, Code 1907.

The defendant in attachment, not wishing to submit himself to the jurisdiction of the court, appeared specially for the purpose of moving the court for a rule against the plaintiff to show cause why the attachment should not be dissolved, and filed his motion for such rule to show cause, and for a dissolution of the attachment. The ground thereof was that the foregoing allegation of fact was not true. It appears from the record that plaintiff's complaint filed in the cause was never served upon the defendant, a nonresident of Alabama residing in the state of Illinois.

[1] In view of the provisions of section 2963 of the Code of 1907—providing the practice, judgments by default or nil dicit and writ of inquiry—the time for filing plea in abatement being discretionary with the court (Hall v. Pearce, 209 Ala. 399, 96 So. 608), it was deemed advisable to answer the complaint by a plea to the jurisdiction of the court, notwithstanding the pendency of the defendant's motion to dissolve the attachment. Accordingly, the defendant, without submitting himself to the jurisdiction of the court, and without waiving, but insisting upon, his motion to dissolve the attachment, and appearing specially for the limited purpose, filed his plea in abatement alleging lack of jurisdiction in the court.

[2] On July 14, 1924, the plaintiff filed interrogatories to the defendant, which, because the latter was not within the jurisdiction of the court, were not served on the defendant personally. Attempted service was made, and so returned by the sheriff, by sending a copy to the attorneys who had appeared specially for the purpose of filing the motion for a rule to show cause against dissolution. The said attorneys had not theretofore appeared generally, and by said limited appearance were not authorized to take any action relating to the merits of the case. All the interrogatories except the twelfth related entirely to the merits of the case as set up in the complaint, and had no bearing upon the motion for dissolution of the attachment, or upon the plea in abatement to the jurisdiction of the court. The interrogatories were not answered.

The foregoing sets forth the status of the cause when it was called for hearing by the court on September 9, 1924. Upon that call plaintiff moved for a judgment by default, on the ground that defendant had failed to answer plaintiff's interrogatories within 30 days after service of the same. The court denied the motion, but ordered the defendant to answer the twelfth interrogatory, which was the only one having any bearing on the issue on the motion to dissolve the attachment. Under compulsion of the order of the court, the defendant answered said interrogatory.

The defendant then moved the court to grant his motion to dissolve the attachment, and the plaintiff moved for a continuance on the ground that the defendant had not answered the interrogatories (propounded by plaintiff) within the time provided by law. The court denied the motion to continue, and plaintiff moved to strike the defendant's motion to dissolve the attachment, which motion was denied. The plaintiff then moved to strike defendant's plea in abatement to the jurisdiction of the court, which was denied. The court proceeded to hear defendant's motion to dissolve the attachment, and rendered judgment granting the motion and dissolving the attachment, and rendered judgment sustaining the plea in abatement to the jurisdiction of the court and dismissing the case.

[3] The matters made the subject of pleas in abatement in attachment were by statute declared to exist when the writ is issued without affidavit and bond. Code 1907, § 2964; Code 1923, § 6212. Hence the holding that, when the attachment is sought to be dismissed because of the insufficiency of the bond required by statute, such fact was properly presented by a plea in abatement. Ex parte McKissack, 107 Ala. 493, 18 So. 140. And in Drakford v. Turk, 75 Ala. 339, where the attachment was sued out, not for a statutory ground, but for a cause upon which the statutes do not authorize its issue, the irregularity was declared not to be presented by a plea in abatement or by a motion to quash, but by a rule (preceding a plea to the merits) upon the plaintiff to show cause against the dissolution of the attachment writ and its levy.

In Dryer v. Abercrombie, 57 Ala. 497, 500, Judge Stone, discussing one phase of an attachment, said, "It must be a debt which the statute declares operates a lien on the property levied on;" if not, although one or all the statutory grounds for attachment may exist, the attachment "would be improper; and on motion made and proper proof, the attachment would be dissolved on the single ground that the debt was not of a class for which such attachment would lie."

The subject was again considered by that able jurist in Brown v. Coats, 56 Ala. 439, 443, where he declared, of the due procedure to try the question (1) whether the attachment was rightly sued out "was matter of abatement only," and "could only be raised

by plea in abatement"; (2) and if sued out on a demand for which attachment in the particular case would not lie, "the mode of reaching the defect was by rule on the plaintiff to show cause why the attachment should not be dissolved." This is the rule of the earlier cases. Ex parte Putnam, 20 Ala. 592; Jordan v. Hazard, 10 Ala. 221; Roberts v. Burke, 6 Ala. 348; Gill v. Downs, 26 Ala. 670; Burroughs v. Wright, 3 Ala. 43; Van Dyke v. State, 24 Ala. 81; Cain v. Mather, 3 Port. 224. And the rule applied in Hall v. Pearce, 209 Ala. 397, 399, 96 So. 608, and Mann Lbr. Co. v. Bailey Iron Works, 156 Ala. 598, 603, 47 So. 325. That is to say, the distinction observed in Brown v. Coats, 56 Ala. 439, was applied by the majority in Hall v. Pearce, supra, declaring that demurrer to the plea in abatement was properly overruled. The writer did not participate in that decision, and now adheres to it as being in line with the distinction indicated in Brown v. Coats, supra. The general trend of our cases is in line therewith. For illustration, where the attachment is sought to be abated on motion, the ground thereof being that the writ was issued generally against the estate of defendant, and not against the crop only of that tenant, and it being averred that the crop attached "was not raised on the land for the use of which rent is here sued," such matter of abatement is required to be presented by a special plea. Blankenship v. Blackwell, 124 Ala. 355, 27 So. 551, 82 Am. St. Rep. 175; Ellis v. Martin, 60 Ala. 394.

The case of De Jarnette v. Dreyfus, 166 Ala. 138, 51 So. 932, arose under section 565 of the Code of 1896, which was different from the present statute. Hence it was declared that the jurisdiction of the court could not be defeated by a plea in abatement (or motion to quash) "for want of jurisdiction of the person," for the reason that the plea in abatement "of residence and want of personal service" involved the putting in issue one of the grounds of the attachment, the nonresidence of the defendant, which was not permitted by the statute. Code 1896, § 565. The subsequent codes are different in this respect, as noted by the code commissioner. 2 Code 1907, p. 211, § 2966; Code 1923, § 6214; Bradford v. Lawrence, 208 Ala. 248, 94 So. 103.

[4] If there has been a difference of opinion as to the procedure (whether by a plea in abatement to the jurisdiction, or by motion to show cause why the attachment should not be dissolved) by which the right of the issue of the attachment writ and its levy on the properties of the defendant in attachment is tested, the important fact in each jurisdiction is that a well-established procedure accomplish that purpose. It is, however, established that the right of the plaintiff in such action to the issue of the writ is dependent, not upon the fact of his "hav-

213 ALA.—27

ing made an affidavit of the existence of stated facts, but upon the actual existence of said facts," for which attachment writ in the particular case issues. The right of a defendant to have the attachment dissolved (or dismissed) on a due, proper, and expeditious procedure therefor, if it can be shown that the ground upon which the attachment issued or was obtained is false, is "almost universally upheld." 123 Am. St. Rep. 1031 (2), et seq., note.

[5] The plaintiff had sworn in his attachment affidavit that, to the best of his knowledge, information, and belief, defendant did not have in Illinois sufficient property wherefrom to make his alleged debt. This implied not only that he had information and belief, but also that he had some knowledge upon the subject. In these circumstances, the court properly exercised its discretion to refuse the continuance, and it cannot be said that the discretion in the premises was abused. Knowles v. Blue, 209 Ala. 27, 95 So. 481.

[6] Adverting to the discovery provided by statute at law, and for the improper failure of answer, the statute gives the court discretion to inflict any one of the following penalties for failure to answer proper interrogatories: (1) Attach the party and require him to answer fully in open court; (2) tax him with costs and continue for full answers; (3) direct a judgment by default; or (4) render such judgment as would be appropriate if the defaulting party offered no evidence. Russell v. Bush, 196 Ala. 309, 317, 71 So. 397; W. O. W. v. Alford, 206 Ala. 18, 23, 89 So. 528; Collins v. M. & O. R. Co., 210 Ala. 234, 97 So. 631.

The twelfth interrogatory was that calling for evidence relevant to the issue on the motion for dissolution of the attachment. This interrogatory the court compelled the defendant (though appearing specially) to answer fully in court; and in compliance with such order sufficient answer was made. The court's discretion was thus exercised in accord with the authority expressly given by law. It could not be required, at defendant's pleasure, to inflict the other penalties in addition to that which the court imposed. Russell v. Bush, 196 Ala. 309, 71 So. 397. It cannot be said the court had the authority beyond that exercised to impose penalties upon a party not within its jurisdiction, who contends and maintains his special appearance and motion to show cause, etc. It could not attach a party not subject to its jurisdiction and successfully maintain that fact; it could not disregard the truth vel non of his motion and direct the judgment; it did not proceed without answer of pertinent matters to the special plea to the jurisdiction or the motion to show cause against dissolution of attachment (Code 1907, § 4055); and on that answer dismissed

the cause for want of jurisdiction to further hear and determine.

[7] The appellant insists that error was committed in allowing the defendant to testify that he owned property, on the ground that the title deeds were his best evidence. If the title had been directly in issue the objection would have been proper; the proceeding not involving the title, it was not necessary to prove it by introduction of the title deeds. A. G. S. R. Co. v. Johnston, 128 Ala. 283, 29 So. 771; Southern Ry. Co. v. Slade, 192 Ala. 568, 68 So. 867; Sloss-Sheffield S. & I. Co. v. Morgan, 181 Ala. 587, 61 So. 283.

[8] The word "own" is synonymous with "possess," and the effect of defendant's testimony was that he possessed—was in possession of—the property mentioned. "There is no substantial difference between the meaning of the words 'possess' and 'own.' They are equivalents in common speech, and according to all the lexicographers." Thomas v. Blair, 111 La. 683, 35 So. 813.

[9, 10] The defendant appeared specially to challenge the jurisdiction of the court to proceed to judgment by filing the limited and special pleas and the limited and special motion to dissolve the attachment because of the lack of jurisdictional facts shown de hors the proceeding to the issue and levy of the attachment writ. Because of the ascertained falsity of the ground on which the writ issued, there was nothing to sustain the jurisdiction of the court for other and further procedure in the cause than was had in the circuit court. The special and limited pleadings, challenging the jurisdiction of the Alabama court of the defendant's person, and its right to further proceed against his property, were efficacious to the issue presented and proof taken thereunder. If the plea in abatement was defective, it was not challenged by demurrer. Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 480, 482, 78 So. 386.

The court had no power to proceed with the cause further than the ascertainment of the preliminary issue of fact brought for decision by the defendant's special pleading to the jurisdiction of the court, and established by the proof. The record showed that no process was served personally upon the defendant, who was represented only by counsel appearing for the stated limited and special purpose. No reversible error was committed on the trial of the issue of fact.

The testimony on the motion and plea in abatement, heard together by the court, established the defendant's right to a dismissal of the suit under the plea in abatement.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.