157 So. 257

## DORROUGH v. MACKENSON.

### 6 Div. 590.

Supreme Court of Alabama.
Oct. 18, 1934.

W. Marvin Scott, of Cullman, for appellant.

Verbon E. Owen, of Cullman, for appellee.

FOSTER, Justice.

This is an action begun by attachment at the suit of a landlord of farm land against the tenant for rent and advances for the year 1931. The affidavit alleged, among other things not material here to mention, that the sum claimed for rent and advances is justly due *or to become due*, and that defendant failed or refused after demand to pay the same, and (by amendment) that defendant is disposing of the crop without the consent of the landlord.

Defendant filed a plea in abatement alleging that the grounds set forth in the affidavit are untrue. He also filed a motion to quash the writ, but there was no ruling on the motion, nor other question here presented as to it.

Plaintiff moved to strike the plea in abatement on two grounds: (1) That the plea is not sufficiently verified, and (2) that it was filed too late. The record does not show a sufficient judgment on the motion. Chambers v. Morris, 144 Ala. 626, 39 So. 375; Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am. St. Rep. 117.

But that aside, the plea shows that it is verified by affidavit. Section 9471, Code;

Kinney v. Federal Land Bank, 228 Ala. 25, 152 So. 30; Worthen v. State, 189 Ala. 395, 66 So. 686; Watts v. Womack, 44 Ala. 605; 2 C. J. 360, § 101.

With respect to the second ground of the motion, the record shows that plaintiff's affidavit and bond were filed January 27, 1932; that on February 3, 1932, defendant moved to quash them because the bond was not sufficient in amount; on September 5, 1933, plaintiff amended the affidavit, as we have stated, and on the same day filed an amended bond in sufficient amount. On that day defendant filed his plea in abatement. If the plea were not filed in due time, since defendant had not pleaded on merits or otherwise waived this right, the court had a discretion to allow it. Hall v. Pearce, 209 Ala. 397, 96 So. 608; Hawkins v. Armour Packing Co., 105 Ala. 545, 17 So. 16; St. Louis & S. F. R. Co. v. Sutton, 169 Ala. 389, 55 So. 989, Ann. Cas. 1912B, 366; section 9486, Code; Rule 12 Circuit Court.

Plaintiff then demurred to the plea in abatement. This was overruled. Plaintiff now insists that it should have been sustained for the reasons we will mention. One is that a plea in abatement is not the appropriate method of forming an issue on the allegations of the affidavit stating the statutory grounds for the attachment when it is begun by a landlord, but that it is only properly done by a motion for a rule to show cause why it should not be quashed.

For a long time prior to the Code of 1907, § 2966 (Code 1923, § 6214), no issue could be taken in an attachment suit on the truth of the facts alleged in the affidavit, by virtue of express statutory provision. Code 1896, § 565. But that statutory rule was amended by omitting it from the Code of 1907.

So that under existing statutes, the rule first here in effect again came into being, by which the truth of those allegations can be tested and tried in the attachment suit, by an appropriate plea in abatement. Wilson v. Callan, 9 Ala. App. 265, 63 So. 27; Brown v. Massey, 3 Stew. 226; Brown v. Coats, 56 Ala. 439; Melvin v. Scowley, 213 Ala. 414, 104 So. 817; De Jarnette v. Dreyfus, 166 Ala. 138, 51 So. 932.

Attachment suits by a landlord of farm land are authorized by section 8804, Code, and are tried in the same manner as other attachment causes are tried. Section 8806.

The statutory grounds necessary to authorize the issuance of such an attachment pre-

338

scribed by section 8804, Code, are not the same as those applicable to attachments generally. Section 6173, Code. But the procedure is the same. When it is begun under section 8804, Code, and defendant claims that plaintiff has no claim for rent or advances, but that, if he has a claim, it is not a debt as defined in section 6172, Code, his remedy to test that question is not by plea in abatement, but by a rule to show cause, etc. Drakford v. Turk, 75 Ala. 339; Brown v. Coats, 56 Ala. 439; Melvin v. Scrowley, supra.

But that is not the matter sought to be tested in this plea in abatement. It is that the "grounds set forth in the affidavit made for the purpose of securing said attachment writ are untrue." This is proper matter for a plea in abatement, as we have shown. Such a plea is not now confined to defects and irregularities appearing on the face of the proceedings, or for the absence of sufficient affidavit or bond (section 6212, Code), as was the rule under prior Code provisions now omitted.

The landlord is not entitled to the writ unless the facts recited in section 8804, Code, are true. Melvin v. Scrowley, supra. There are two alternative sets of facts there specified: (1) When the rent and advances are due, and (2) whether due or not.

The original affidavit alleges that such sum is due or *will become due*, and then alleges a failure to pay on demand. That allegation of failure is only sufficient when the sum is due, and not when it will become due thereafter. A plea in abatement for that insufficiency apparent on its face would be good. Section 6212, Code. No such plea was filed. The amendment to the affidavit alleged that defendant is disposing of the crop without plaintiff's consent.' This amendment is not made as an alternative or disjunctive averment. It should therefore be treated as conjunctive. So that as amended, on the plea in abatement, the issue, in respect to the affidavit, is not dependent upon whether the demand was due or not, but it is whether defendant failed to pay on demand and also (conjunctively) was then disposing of the crop without plaintiff's consent. The sufficiency of the affidavit is not questioned by defendant's pleas or otherwise.

The court's oral charge ignored the alternative averment in the affidavit that the demand was due or would become due, and charged the jury as though the grounds were duly set forth as provided by section 8804. No objection was made to that treatment of the matter by him, and none is available on this appeal. The court correctly charged the jury as a legal proposition, though the affidavit and plea may not have presented the issue accurately as he charged them. If the charge was not exact in relation to the issue as made by the pleading, no such question can now be considered, since none was made in the circuit court.

Appellant also insists that the court should have heard and determined the issue raised on the plea in abatement, and that it should not have been submitted to the jury. It is sufficient here to observe that the only manner in which this question is shown in the record is in the motion for a new trial, and not clearly there. Plaintiff cannot speculate on the result of a trial by jury without objection to that method of trial, and thereafter have it vacated because unsatisfactory. Moreover, the bill of exceptions does not show a ruling on the motion for a new trial. Again we observe that defendant duly demanded a trial by jury. Such demand applied to the plea in abatement (to the extent that it was not controlled by the state of the record) as well as to other issues of fact. 35 C. J. 178, § 60; Daniel v. State, 149 Ala. 44, 43 So. 22; Bean v. State, 126 Ala. 1, 28 So. 578; Tucker v. State, 152 Ala. 1, 44 So. 587.

Other questions are argued in brief in respect to the sufficiency of the plea, but they are not mentioned in the demurrer and are not therefore treated by us. We think there was no error in overruling the demurrer.

In such a suit as this, plaintiff is not benefited by a mortgage given him by defendant on the property attached. The suit is to enforce a lien created by law (section 6196, Code), and not by contract, and its prosecution in some instances has the effect of destroying the title of a mortgage. Hill v. Hooper, 21 Ala. App. 584, 110 So. 323; Kolsky v. Loveman, 97 Ala. 543, 12 So. 720; Lehman, Durr & Co. v. Van Winkle, 92 Ala. 443, 8 So. 870. It is wholly controlled by statutory provisions. The contract is material only to fix the relation of the parties, and show a debt for rent and advances. No question was raised by the plea in abatement as to either of those matters, and there was no evidence which denied that plaintiff was landlord of defendant, and that defendant was owing him for advances under the statute.

Our discussion is applicable to all the contentions made by appellant as we understand them.

We do not think that there is shown to exist reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.