174 So. 485

**CASSADY v. WILLIAMS.**

**4 Div. 933.**

Supreme Court of Alabama.

March 25, 1937.

Rehearing Denied June 3, 1937.

300

P. B. Traweek, of Elba, for appellant.

BROWN, Justice.

This is an action by a mortgagee against the tenant of the mortgagor to enforce an alleged landlord's lien for rent, the plaintiff claiming as assignee of the landlord under the mortgage. Before the defendant pleaded to the merits, the plaintiff, by leave of the court, filed an amended affidavit asserting a claim for rent and advances.

■ The first pleading filed by the defendant was a motion to quash "the affidavit and writ of attachment." Such motion is permissible only when there is · a noncompliance with the statute authorizing the issuance of the attachment, apparent on the face of the affidavit, bond, or writ. Blankenship v. Blackwell, 124 Ala. 355, 27 So. 551, 82 Am.St.Rep. 175; Brown v. Massey, 3 Stew. 226; Mantz v. Hendley, 2 Hen. & M.(Va.) 308.

Some of the grounds stated in the motion were not true in fact, and the others were inapposite. The motion was, therefore, overruled without error.

The ground on which the attachment was sued out, as stated in the original affidavit, is "that the said W. T. Cassady have [has] removed from said premises so rented, and have [has] now stored in the Kinston Warehouse Company at Kinston, Alabama, the following described cotton grown on said lands in 1934, *without paying said rents due to the said Williams as assignee, and without his consent.*" (Italics supplied.) The ground for suing out the. attachment stated in the amended affidavit was in substance the same as stated in the original.

The defendant's verified plea in abatement filed on the 5th day of February, 1935, and refiled to the amended affidavit September 25, 1935, avers in substance that the lands on which the cotton was grown are situated in Covington county, Ala.; that the defendant was not a share cropper, but rented said lands for the years 1934 and 1935 from C. F. Deal, for cash, the consideration being paid in full contemporaneously with the execution of the written lease, and nothing remained due to said Deal; that at the time he made said contract he had no knowledge or information that R. E. Williams, plaintiff herein, had or claimed to have any interest in the said rents of C. F. Deal on account of said lands for 1934.

■ The only way issue was joined on this plea was by demurrer filed by the plaintiff thereto; but it does not appear *that the demurrer was submitted to or ruled on by the court.* Instead the judgment shows that the court, though a jury was demanded, overruled the plea.

The failure of the plaintiff to join issue as to the matters of fact had the effect of confessing the truth of the facts stated in the plea, and if they constituted grounds for abatement of the attachment, the court's ruling in respect thereto constituted error.

■ Prior to the change wrought by dropping from the statute, in its codification as section 2966 of the Code of 1907, now section 6214 of the Code of 1923, the provision that, *"The defendant must not deny or put in issue the cause for which the attachment issued"* (Code 1896, § 565 [italics supplied]; Wilson et al. v. Callan, 9 Ala.App. 265, 267, 63 So. 27), it was not permissible for the. defendant to put in issue, in an attachment suit, "the truth of the facts alleged in the affidavit, by virtue of express statutory provision." Dorrough

302

v. Mackenson, 229 Ala. 336, 157 So. 257, 258.

The effect of this change was to go back to the common-law procedure as declared by the court in Brown v. Massey, 3 Stew. 226, in which the court approved and followed Mantz v. Hendley, 2 Hen. & M. (Va.) 308, 313, where it was observed: "The plea in question in this case is *substantially* a plea in abatement, though, in point of *form,* it approaches very nearly to a plea in bar. A plea in abatement is one 'which shows cause to the Court why the defendant should not be impleaded, or, if impleaded, not in the manner and form he now is.' "

■ Section 8804 of the Code of 1923 provides that: "The landlord, or his assignee, may have process of attachment for the enforcement of his lien for rent and advances, or either, when such rent and advances, or either, as the case may be, *are due,* and the tenant fails or refuses, after demand made, *to pay the same;* and also in the following cases, whether such rent and advances, or either, are due or not: (1) When there is good cause to believe that the tenant or subtenant is about to remove from the premises, or otherwise dispose of any part of the crop, *without paying such rent and advances,* or either, and without the consent of the landlord, or of the assignee, when the claim has been assigned," etc. (Italics supplied.)

The existence of a debt for rent or advances is so interrelated in the statutory grounds for the issuance of attachment that such grounds cannot exist where there is no debt. If there is no debt, there cannot be a wrongful refusal or failure to pay on demand.

Taking the averments of the plea as confessed of record, the attachment was wrongful and the defendant was entitled to a judgment abating the attachment proceedings. Brown v. Massey, supra; Brown v. Coats, 56 Ala. 439.

■ A motion for rule to show cause, in legal effect, concedes that the plaintiff has a cause of action, but asserts that it is not a debt for the collection of which he is entitled to resort to the extraordinary process of attachment. Drakford v. Turk, 75 Ala. 339; Brown v. Coats, supra; Melvin v. Scowley, 213 Ala. 414, 104 So. 817; Dorrough v. Mackenson, supra.

■ The complaint is substantially in the form prescribed by the Code for suits on account or verbal contract by transferee, and the demurrer thereto was not well taken. Code 1923, § 9531, form 11.

The defendant pleaded the general issue and five special pleas, and the sufficiency of none of said pleas was tested by demurrer.

■ There was evidence tending to support plea 3, which averred, in substance, that defendant rented the lands on which the cotton in question was grown, from said Deal for the years 1934 and 1935, and paid the rent to Deal in advance and contemporaneously with the transaction of procuring said lease, without notice of the plaintiff's alleged claim. If the averments of this plea are true, no claim for rent ever came into existence. Cook & Co. v. Malone & Sons, 128 Ala. 662, 29 So. 653; Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am.St.Rep. 33.

Charge D–1, in substance, hypothesized the averments of plea 3, and instructed the jury that if they were reasonably satisfied from the evidence that the facts hypothesized were true, they could not find for the plaintiff. The court erred in refusing this charge.

■ Charge D–2 appears to be abstract —there was no issue of fraud presented by the pleading.

■ Charge D–3 pretermits notice. "Knowledge" is a stronger word than "notice," though in legal effect they are the same.

■ Charge D–4 assumes that the defendant obtained the lease for a cash consideration, and was therefore invasive of the province of the jury.

■ Charge D–5, the affirmative charge, asserts that there was a fatal variance between the averments and proof, and assuming that there was such variance, was well refused in the absence of appropriate objections to the evidence. Rule 34, Circuit Court Practice; Rasmus et al. v. Schaffer, 230 Ala. 245, 160 So. 244.

■ ■ The instruction embodied in the excerpt from the oral charge was, at least, ill-advised, if not positive error. The evidence shows that the mortgage involved in the other litigation referred to was executed in 1932, and was not the mortgage here involved. The most the mortgage assigned at the time of its execution was, in legal effect, a contingent interest or expectancy, and until a claim for rent or advances

came in esse, it did not operate as an assignment of such claim. Patapsco Guano Co. et al. v. Ballard, 107 Ala. 710, 19 So. 777, 54 Am.St.Rep. 131.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.